**Robert BRAUN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, H. Kenneth Isenogle, Roger Laws, Gary Bingham, Richard Hickson, Conrad Clapper and R.L. Plate, individually and in their respective official capacities as employees of the Internal Revenue Service; all defendants jointly and severally, Defendants-Appellees.**

**No. 81–1411.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 29, 1982.

Decided May 27, 1983.

Richard E. Zuckerman, Raymond, Rupp & Wienberg, Fred A. Foley (argued), Troy, Mich., for plaintiff-appellant.

Richard A. Rossman, U.S. Atty., David L. Maurer, Detroit, Mich., William Kanter,

Marc Richman, Dept. of Justice, Civ. Div., Washington, D.C., for defendants-appellees.

Before MARTIN and WELLFORD, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.[1]

WELLFORD, Circuit Judge.

Plaintiff-appellant, a former Revenue Officer in the Internal Revenue Service (IRS), appeals from summary judgment entered against him by the United States District Court for the Eastern District of Michigan (Judge Pratt) in his suit for damages and equitable relief against the United States and various IRS officials. The district court rejected petitioner's contentions that he states a cognizable cause of action under the Civil Service Reform Act (CSRA), 5 U.S.C. § 1101 *et seq.,* and the First Amendment, against IRS supervisors who he says gave him poor performance evaluations in retaliation for his speaking out against IRS deficiencies.

This case presents substantial questions regarding the rights and remedies of so-called "whistleblowers" to bring implied causes of action under either a federal statute or under the Constitution:

(1) Is there a private cause of action under provisions of the CSRA which prohibit retaliation against a federal employee for disclosing specified derogatory information about his employer?

(2) Is there a private cause of action deriving directly from the First Amendment for retaliatory action by a federal employer against a civil service employee for the asserted exercise of free speech?

The facts, as summarized by the district court, are as follows:

Appellant alleges that the appellees retaliated against him at work because he criticized and exposed instances of waste, mismanagement, and abuse of power of the IRS. Specifically, appellant alleges that the appellees responded to his disclosures by issuing several undeserved, disparaging evaluations of his work performance and by denying him a deserved promotion and within-grade pay increase. Appellant contends that these actions, which he claims were designed to punish him for speaking out against agency misconduct, constitute violations of his constitutional right to freedom of speech, and his statutory "whistleblower" rights under the CSRA. As relief, he seeks consequential money damages, a retroactive promotion and within-grade step increase in salary, and an order restraining the appellees from further reprisals against him.[2]

The questions raised in this case were at least peripherally before the Supreme Court when it decided *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), but that court declined to address them specifically:

Petitioners also have urged us, prior to the remand, to rule on the legal sufficiency of respondent's "implied" causes of action under 5 U.S.C. § 7211 and 18 U.S.C. § 1505 and his Bivens claim under the First Amendment. We do not view petitioners' argument on the statutory question as insubstantial. Cf. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 72 L.Ed.2d 182, 102 S.Ct. 1825 (1982) (controlling question in implication of statutory causes of action is whether Congress affirmatively intended to create a damages remedy); *Middlesex County Sewerage Auth. v. National Sea Clammers Assn.,* 453 U.S. 1 [101 S.Ct. 2615, 69 L.Ed.2d 435] (1981) (same); *Texas Industries, Inc. v. Radcliff Materials,* 451 U.S. 630, 638–39, 68 L.Ed.2d 500, 101 S.Ct. 2061 [2066] (1981) (same). Nor is the Bivens question. Cf. *Bush v. Lucas,* 647 F.2d 573, 576 (CA5 1981), affirming on remand 598 F.2d 958 (CA5 1979) (holding that the "unique relationship between the Federal Government and its civil ser-

---

1. The Honorable Thomas E. Fairchild, Senior Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

2. Since appellant is no longer employed by the IRS, not all the relief sought is applicable, but this would not preclude the district court from granting appropriate relief if the cause of action were found to be meritorious.

vice employees is a special consideration which counsels hesitation in inferring a Bivens remedy"). As in *Nixon v. Fitzgerald, ante,* however, we took jurisdiction of the case only to resolve the immunity question under the collateral order doctrine. We therefore think it appropriate to leave these questions for further consideration by the District Court and, if necessary, by the Court of Appeals. 457 U.S. at 820 n. 36, 102 S.Ct. at 2740 n. 36, 73 L.Ed.2d at 411–12 n. 36.

The questions are again presently before the Supreme Court in *Bush v. Lucas,* No. 81–469, on certiorari from the Fifth Circuit, *Bush v. Lucas,* 647 F.2d 573 (5th Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 3481, 73 L.Ed.2d 1365 (1982).[3]

## I. The Implied Statutory Private Cause of Action.

▇ Petitioner argues that the following section of the CSRA creates a private cause of action:

Any employee who had authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—

(8) take or fail to take a personnel action with respect to any employee or applicant for employment as a reprisal for—

(A) a disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—

(i) a violation of any law, rule, or regulation, or

(ii) mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs;

5 U.S.C. § 2302(b)(8).

The availability of implied rights of action has been the focus of numerous Su-

preme Court opinions in the last decade. Although the test to be applied to determine whether such an action exists in any particular case has evolved through several of these decisions, *see* Comment, "Implied Rights of Action in Federal Legislation: Harmonization Within the Statutory Scheme," 1980 Duke L.J. 928 (1980), it was set out by the Supreme Court last term in *Merrill Lynch v. Curran,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982). In the latter case, an investor sought damages from his broker for violation of an antifraud provision of the Commodity Exchange Act (CEA), 7 U.S.C. § 1 *et seq.* In holding that the plaintiff could recover under such a theory of suit, the Court ruled that the key focus in such an inquiry is the intent of Congress:

Our cases subsequent to *Cort v. Ash* have plainly stated that our focus must be on the "intent of Congress." *Texas Industries, Inc. v. Radcliff Materials Inc.,* 451 U.S. 630, 639 [101 S.Ct. 2061, 2066, 68 L.Ed.2d 500] (1981). "The key to the inquiry is the intent of the Legislature." *Middlesex County Sewerage Auth. v. National Sea Clammers Assn.,* 453 U.S. 1, 13 [101 S.Ct. 2615, 2622, 69 L.Ed.2d 435] (1981).

456 U.S. at 377–78, 102 S.Ct. at 1838–39 [footnote omitted].

The Court's review of the legislative history in that case revealed that when Congress passed amendments to the CEA in 1974, which "created new procedures through which traders might seek relief for violations of the CEA," *Id. at* 384, 102 S.Ct. at 1840, it intended to preserve what was the then-existing remedy of private causes of action under the Act. The Court's finding precluded the need for any further analysis under *Cort v. Ash,* 442 U.S. 66 [95 S.Ct. 2080, 45 L.Ed.2d 26] (1975):

In view of our construction of the intent of the Legislature there is no need for us to "trudge through all four of the factors when the dispositive question of legislative intent had been resolved." See *Cali-*

---

**3.** Oral argument was heard in the Supreme Court in that case on January 19, 1983.

*fornia v. Sierra Club,* 451 U.S. [287] at 302 [101 S.Ct. 1775, 1783, 68 L.Ed.2d 101] (REHNQUIST, J., concurring in judgment).

*Merrill Lynch,* 456 U.S. at 388, 102 S.Ct. at 1844.

Unlike *Merrill Lynch,* in the instant case it is apparent from the legislative history of the CSRA and from the plain words of the Act itself, that Congress was *not* operating under an explicit or implicit assumption that it was creating or preserving an implied cause of action when it passed the provisions of the Act relating to protection against retaliation. Rather, the Act appears to have been intended to provide comprehensive protection to whistleblowers through the establishment of a Merit Systems Protection Board and an Office of Special Counsel, which would preclude independent lawsuits by individual claimants. 5 U.S.C. §§ 1206–07. *See* S.Rep. No. 95–969, *reprinted in* 1978 U.S.Code Cong. & Ad. News 2723.

The Sixth Circuit has declined to infer a cause of action under what might be considered more compelling circumstances in *Taylor v. Brighton Corp.,* 616 F.2d 256 (6th Cir.1980). *But cf. Chumney v. Nixon,* 615 F.2d 389 (6th Cir.1980) (finding an implied cause of action under a criminal statute providing for penalties for assaults "within the special maritime and territorial jurisdiction of the United States," 18 U.S.C. § 113).[4] In *Taylor,* a private sector employee alleged that he was discharged in retaliation for reporting safety violations to the Occupational Safety and Health Administration (OSHA). In an extensive discussion by Judge Phillips, the court found that the legislative history behind the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–78, and particularly section 11(c), 29 U.S.C. § 660(c), did not support a finding

that Congress had intended an implied cause of action.[5] *See also McCarthy v. Bark Peking,* 676 F.2d 42, 46, 47 (2d Cir. 1982) (Kearse, J., concurring). "The Secretary should address his arguments to Congress, not the courts," the court concluded. *Taylor,* 616 F.2d at 264. Since we find the instant case to be distinguishable from *Merrill Lynch* but analogous to *Taylor,* we hold that a private cause of action cannot be inferred from the provisions of CSRA relied upon by appellant. Thus, the district court, in its thorough discussion of this issue, correctly dismissed this cause of action on that basis.[6] The elaborate administrative remedies set out in the act for "whistleblowing" are inconsistent with an inference of a private right of action.

II. The First Amendment Cause of Action.

■ Petitioner also contends that he states a cause of action directly under the First Amendment under the holding of *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This circuit recognizes that a *Bivens* type of action may derive directly from the First Amendment. In *Yiamouyiannis v. Chemical Abstracts Service,* 521 F.2d 1392 (6th Cir.1975), the court indicates that a private sector employee, who alleges that he was discharged by his federally funded employer as a result of pressure from a federal agency, may state a *Bivens* cause of action. The court, in a brief per curiam opinion, wrote: "We recognize that *Bivens* dealt with a Fourth Amendment violation, but its logic appears to us to be equally applicable to a First Amendment violation." *Id.* at 1393.

The Supreme Court, in *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), recently outlined the circumstances under which a *Bivens* cause of action may

---

**4.** *Taylor* legitimately distinguishes *Chumney* by pointing out that damages for the employee in *Taylor* could be pursued by OSHA, whereas no other potential for relief existed for the victim of the curious and unusual *Chumney* scenario.

**5.** *Taylor* provides a complete history both of the pertinent section of the Occupational Safe-

ty and Health Act and the Supreme Court's treatment of implied statutory causes of action.

**6.** Although the district court's opinion in this case preceded *Merrill Lynch,* its discussion of the issue involved is consistent with that decision.

be inferred. In *Green,* the mother of a deceased federal prisoner brought an action contending that her son had died from personal injuries suffered because of prison officials' negligence.[7] On these allegations, the Court held:

> *Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.

*Id.* 446 U.S. at 18, 100 S.Ct. at 1471.

The Court found that neither of two particular situations existed in *Green* which would preclude a *Bivens* action:

> Such a cause of action may be defeated in a particular case, however, in two situations. The first is when defendants demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress." The second is when defendants show that Congress has provided an alternative remedy which is explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective.

*Id.* 446 U.S. at 18–19, 100 S.Ct. at 1471 [citations omitted].

We find there to be such a "special situation" in this case. We agree with the position of the Fifth Circuit in that respect expressed recently in *Bush v. Lucas,* 647 F.2d 573, 576 (5th Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 3481, 73 L.Ed.2d 1365 (1982), that "the unique relationship between the Federal Government and its civil service employees is a special consideration which counsels hesitation in inferring a *Bivens* remedy in the absence of affirmative congressional action." *Id.* at 576.

We find the facts and reasoning in *Bush* more closely aligned to the circumstances of the instant case than to those in a similar case which was decided at approximately the same time in the Seventh Circuit. See *Sonntag v. Dooley,* 650 F.2d 904 (7th Cir. 1981). We therefore hold that appellant does not state a *Bivens* cause of action under these circumstances and that the district court properly dismissed that cause of action because there are alternative remedies available and because of the special relationship of appellant as a federal employee. There is an absence of any affirmative indication by Congress that a private remedy is authorized in this situation.

### III. Other Claims.

■ Appellant's further contention is that 5 U.S.C. § 702 allows him to seek equitable relief. The statute provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in

---

7. "More specifically, respondent alleged that petitioners, being fully apprised of the gross inadequacy of medical facilities and staff at the Federal Correction Center in Terre Haute, Ind., and of the seriousness of Jones' chronic asthmatic condition, nonetheless kept him in that facility against the advice of doctors, failed to give him competent medical attention for some eight hours after he had an asthmatic attack, administered contra-indicated drugs which made his attack more severe, attempted to use a respirator known to be inoperative which further impeded his breathing, and delayed for too long a time his transfer to an outside hospital. The complaint further alleges that Jones' death resulted from these acts and omissions, that petitioners were deliberately indifferent to Jones' serious medical needs, and that their indifference was in part attributable to racial prejudice."

*Id.* at 6 n. 1.

office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C. § 702.

As the district court noted, petitioner's reliance on 5 U.S.C. § 702 is misplaced. The statute does not permit an independent basis for suit here; nor is there any merit to petitioner's argument that the United States should be deemed to have waived its sovereign immunity.

The decision of the district court is accordingly affirmed. Judgment will be entered for appellees.