Richard L. WINDSOR,
Plaintiff-Appellant,

v.

THE TENNESSEAN, et al.,
Defendants-Appellees.

No. 81–5668.

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 1984.

Before EDWARDS and CONTIE, Circuit Judges, and MOYNAHAN, Chief District Judge.*

### ORDER

A majority of the court having not voted in favor of an *en banc* rehearing, the petition for rehearing has been referred to the hearing panel for disposition.

▮ The court notes two arguments in the petition that have not previously been raised. The government contends that this courts' opinion, reported at 719 F.2d 155, is inconsistent with the following decisions: *Bush v. Lucas,* —— U.S. ——, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Braun v. United States,* 707 F.2d 922 (6th Cir. 1983). Those cases held that where Congress has provided federal employees with elaborate civil service or statutory remedies, the courts should be loathe to create additional remedies.

This court's opinion does not conflict with that rule, however, because Windsor was not a civil service employee who could take advantage of the comprehensive system of civil service remedies. Nor was a statutory remedy available.

* The Honorable Bernard T. Moynahan, Jr., Chief District Judge for the Eastern District of Ken-tucky, sitting by designation.

▮ Secondly, the government's brief in support of its petition exaggerates when it states that the effect of this court's decision is "that any federal employee who is dissatisfied with a firing, demotion, or an adverse performance evaluation is free to bring a suit for damages against the responsible supervisor ..." (brief at 14). This argument ignores the fact that civil service employees will not be able to bring suit under § 1985(1) because such employees are relegated to their administrative remedies. Furthermore, non-civil service employees must be able to demonstrate a conspiracy intentionally to defame before this court's opinion can form the basis for recovery.

Accordingly, the petition for rehearing hereby is DENIED.

MOYNAHAN, Chief District Judge, dissenting.

For the reasons expressed in my opinion concurring in part and dissenting in part in this case, I would grant rehearing.