**Wilbert C. SCIPIO, Jr., Plaintiff,**

v.

**Casper W. WEINBERGER, Secretary of Defense, Defendant.**

No. 84 C 10797.

United States District Court, N.D. Illinois, E.D.

July 24, 1985.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Presently before this Court is the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The motion is granted because, contrary to plaintiff's contentions, the Civil Service Reform Act of 1978 ("CSRA") has not superseded Title VII of the Civil Rights Act of 1964. Congress expressly provided in the CSRA that nothing in 5 U.S.C. § 2302—the section prohibiting discrimination on the basis of, *inter alia*, race—was to be construed to lessen or extinguish any rights or remedies

**48**

afforded by Title VII. 5 U.S.C. § 2302(d)(1). Moreover, Congress provided that allegations of discrimination in violation of Section 7702 were to be pursued under Title VII. 5 U.S.C. § 7702(b)(2). Plaintiff has not alleged a violation of Title VII. The Seventh Circuit has recently held that a private right of action does not lie to enforce the merit system underlying 5 U.S.C. § 2301. *Schracta v. Curtis,* 752 F.2d 1257 (7th Cir.1985). Accordingly, plaintiff's reliance on a section of the CSRA which provides for the establishment of minority recruitment programs within federal agencies, 5 U.S.C. § 7201(c)(1), is misplaced because no indication in the legislative history of that section exists of the intent to provide a private right of action. Title VII is the exclusive and preemptive avenue of relief for allegations of racial discrimination in federal employment. *Brown v. General Services Administration,* 425 U.S. 820, 829–30, 96 S.Ct. 1961, 1966–67, 48 L.Ed.2d 402 (1976); *Tankha v. Costle,* 536 F.Supp. 480 (N.D.Ill.1982). Finally, plaintiff's pendent state claims for intentional and malicious interference with plaintiff's right to an employment contract is barred by his failure to bring his alleged tort claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.,* which is the exclusive means by which the United States has consented to suit in tort. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Thus, the complaint is dismissed pursuant to Fed.R. Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.