841 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse A. TOLBERT, Plaintiff-Appellant,
v.
Jesse A. VIDAURRI and the Equal Employment Opportunity
Commission, Defendants-Appellees.
 No. 87-1163.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jesse A. Tolbert appeals the district court's order dismissing his employment discrimination suit for failure to exhaust administrative remedies.
 
 
 2
 Since May 11, 1979, Tolbert has been employed as a personnel management specialist at the Detroit office of the Equal Employment Opportunity Commission. On February 16, 1983, Tolbert, a black male, instituted a five-count discrimination and intentional tort action against the Equal Employment Opportunity Commission and Jesse A. Vidaurri, Tolbert's immediate supervisor.
 
 Tolbert's complaint alleged that:
 
 3
 (1) The defendants racially discriminated against him by not providing him with requested training;
 
 
 4
 (2) The defendants unlawfully discriminated against him by not hiring a personnel clerk in his administrative unit;
 
 
 5
 (3) On account of his race, he was not given an outstanding performance rating or a cash incentive award;
 
 
 6
 (4) Vidaurri assaulted and slandered him in December 1982, and, thereafter, Vidaurri unjustifiably gave him a disciplinary memorandum concerning the incident;
 
 
 7
 (5) The defendants issued further unwarranted memoranda in retaliation for Tolbert's having filed a grievance regarding the December 1982 incident.
 
 
 8
 Tolbert also filed an administrative discrimination complaint with the Equal Employment Opportunity Commission on March 25, 1983, more than five weeks after he instituted this civil action. The charges raised in this administrative complaint were essentially the same as those raised in Tolbert's civil complaint.
 
 
 9
 By letter dated June 28, 1983, Alvin Hegley, who was assigned to investigate the Equal Employment Opportunity Commission complaint, informed Tolbert that his complaint lacked particularity as to the dates of the allegedly discriminatory acts and the harm suffered as a result of those acts. Hegley than sought to obtain the necessary information by posing seven questions to Tolbert. In response, Tolbert supplied a copy of one of the allegedly retaliatory memoranda and a copy of the original complaint filed in this action; Tolbert did not provide the information that had been specifically requested. Hugley then sent Tolbert a second letter which explained the inadequacy of Tolbert's response and which resubmitted the same seven questions. When Tolbert responded that he thought he had provided the requested information, Hugley called Tolbert and explained what specific information was needed. Tolbert then said that he would provide that information, but he did not do so. Therefore, by letter dated September 13, 1983, the Equal Employment Opportunity Commission informed Tolbert that his administrative complaint, except for the reprisal allegation which had been documented by the memorandum Tolbert had supplied, was rejected because of his failure to cooperate with the administrative process.
 
 
 10
 At the same time, Tolbert continually filed amendments, corrections, and additions that attempted to add counts, parties, and subsequent events to the initial civil complaint. He also filed many motions. While many of those motions were pending, the case was reassigned to Judge George LaPlata. Judge LaPlata then submitted all pending, non-dispositive motions to a magistrate. Following a hearing, Magistrate Thomas A. Carlson granted the Equal Employment Opportunity Commission's motion to strike all amendments, corrections, or additions to the original complaint filed after March 11, 1983. Tolbert, though, was permitted to file a final amended complaint.
 
 
 11
 The district court subsequently granted the defendants' motion for summary judgment. With respect to the three race-discrimination counts, the court held that Tolbert failed to exhaust administrative remedies, as required by section 717 of the Civil Rights Act of 1964, because he refused to furnish the Equal Employment Opportunity Commission with the information necessary to process his administrative complaint. With respect to the claim that the defendants retaliated against him for filing an administrative grievance, the court concluded that it lacked subject matter jurisdiction because, under 5 U.S.C. Secs. 1206(b) and 2309(b), the Office of Special Counsel is the proper forum for redress. Finally, with respect to the intentional tort claims, the court held that it lacked jurisdiction because, under the Federal Tort Claims Act, Tolbert was required to submit an administrative tort claim to the appropriate agency.
 
 
 12
 In this appeal, Tolbert essentially argues that it would have been futile for him to have pursued his claim through the administrative process. Therefore, he contends, the district court improperly granted summary judgment for the Equal Employment Opportunity Commission because of his failure to exhaust administrative remedies. We are not persuaded.
 
 
 13
 Section 717 of Title VII, 42 U.S.C. 2000e-16, provides the exclusive judicial remedy for claims of discrimination in federal employment. Brown v. General Services Administrator, 425 U.S. 820 (1976). Only after the claimant has exhausted the administrative remedies may the civil remedies be pursued. Id. See also James v. Rumsfield, 580 F.2d 224 (6th Cir.1978). Moreover, courts have routinely held that claimants have not exhausted administrative remedies if they have failed to cooperate in the administrative process. See Wade v. Sec'y. of Army, 796 F.2d 1369 (11th Cir.1986). And, as Tolbert himself recognized, a claimant's subjective belief that resort to the administrative process would have been ineffectual does not excuse the failure to attempt that remedy. Hoffman v. Boeing, 596 F.2d 683 (5th Cir.1979).
 
 
 14
 After receiving Tolbert's incomplete complaint, the Equal Employment Opportunity Commission took more than adequate measures to try to extract the necessary information from Tolbert. Furthermore, Tolbert has failed to offer any objective evidence to support his contention that cooperating with the agency would have been futile. Therefore, we believe the district court properly dismissed his race discrimination claims for failure to exhaust administrative remedies.
 
 
 15
 Tolbert did not directly challenge the district court's disposition of the other counts, and we believe the court's rulings were proper. The court's disposition of Tolbert's retaliation claim is supported by Braun v. United States, 707 F.2d 922 (6th Cir.1983), and the court's disposition of the intentional tort claim is consistent with Shelton v. United States, 615 F.2d 713 (6th Cir.1980).
 
 
 16
 In sum, we can appreciate Tolbert's impatience with the deliberate administrative process. Often, one who feels victimized by racial or sexual discrimination may believe that a federal court is the only forum which will provide a just and expeditious remedy. Such claimants must recognize, however, that the elaborate procedures enacted pursuant to the civil rights laws are necessary to ensure that employers are not harassed by baseless, unfounded claims. The current mechanisms may be imperfect, but they go far in helping us rid our society of unlawful discrimination.
 
 
 17
 Accordingly, the district court's order dismissing Jesse A. Tolbert's complaint is hereby affirmed.