**PEOPLE FIRST OF TENNESSEE, et al., Plaintiffs,**

v.

**ARLINGTON DEVELOPMENTAL CENTER, et al., Defendants.**

No. 92–2213 M1/A.

United States District Court,
W.D. Tennessee,
Western Division.

Dec. 22, 1992.

Jack W. Derryberry, Jr., Ward, Derryberry & Thompson, Nashville, TN, for plaintiffs.

Linda A. Ross, Office of the Atty. Gen., Nashville, TN, for defendants.

## ORDER ON MOTION TO DISMISS

McCALLA, District Judge.

This cause is before the Court on defendants' motion to dismiss the complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated below, the motion to

---

1. The motion to dismiss included an assertion that Plaintiff People First did not have standing to sue as "next friend" under FRCP 17(c) because four of the five named individual plaintiffs had legal guardians who apparently are opposed to the suit. Even if four of the named plaintiffs did *not* have standing, one plaintiff would and, therefore, this Court can appropriately consider the other issues raised in the motion to dismiss. The issue of standing will not be addressed in this opinion, but will be subsequently considered. *See* Order filed Oct. 1, 1992, allowing plaintiffs additional time to request discovery on the issue of standing, if warranted.

dismiss is GRANTED in part and DENIED in part. Claims under Title XIX of the Social Security Act, Sections 100 and 504 of the Rehabilitation Act of 1973, Title II of the American With Disabilities Act of 1990, the First Amendment as set out in Count IV(b), (d), & (e), and the Equal Protection Clause are DISMISSED. The claims remaining are those under the First Amendment as set out in Count IV(a) and (c) and the Due Process Clause.

Because this case raises important issues and controlling questions of law as to which there is substantial ground for difference of opinion, an immediate appeal from this order with respect to certain claims may materially advance the ultimate termination of litigation. Therefore, the following claims are certified for appeal: (1) Title XIX of the Social Security Act; (2) Sections 100 and 504 of the Rehabilitation Act of 1973; and (3) Title II of the Americans With Disabilities Act of 1990.

This action is brought by People First of Tennessee, a state wide advocacy organization governed entirely by people with disabilities, on behalf of its members and by five mentally retarded residents of Arlington Developmental Center ("Arlington") to redress allegedly unlawful conditions at Arlington. The plaintiffs assert that they are denied living arrangements (placement in small, individualized, family-scale community residential programs) and services because of the severity of their retardation and physical disabilities and that defendants have failed to meet their federal statutory and regulatory obligations with regard to placing, monitoring and discharging plaintiffs to alternative non-institutional services.

The original complaint raised claims under five (5) statutory and constitutional provisions.[2] By motion filed January 31, 1992, defendants moved to dismiss the complaint in its entirety. On January 30, 1992, the plaintiffs filed an amended complaint which added a sixth count: Title II of the Americans With Disabilities Act of 1990 ("ADA"), which be-

came effective on January 26, 1992. Defendants moved to dismiss the ADA claim by motion filed February 11, 1992. For purposes of judicial economy, the defendants' two motions to dismiss will be treated as a single motion to dismiss all six counts of the Amended Complaint.

The defendants contend, in the context of this case, that neither Title XIX nor its regulations created rights enforceable under 42 U.S.C. § 1983 against the defendants as providers of service and that the defendants have failed to allege any deficiency in the state administrative structure sufficient to state a cause of action. They also argue that the plaintiffs' claims are not cognizable under the Rehabilitation Act; that due process rights are not implicated in this case; that only First Amendment claims pertaining to named individuals are actionable; that the plaintiffs have failed to state an Equal Protection claim; and that the Eleventh Amendment is a bar to some of the claims[3]. Each one of these contentions will be dealt with in turn.

■ Under the standard of review for a motion to dismiss for failure to state a claim under Rule 12(b)(6), the defendant has the burden of demonstrating that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *rehearing denied*, 726 F.2d 277, *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). In reviewing the motion, the court must accept as true all factual allegations in the complaint. *Windsor* at 1103. All reasonable inferences are resolved in favor of the plaintiff and dismissal is only appropriate if it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Ang v. Gamble Co.*, 932 F.2d 540, 541 (6th Cir.1991).

---

**2.** These claims were: (1) Title XIX of the Social Security Act; (2) Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); (3) the Due Process Clause of the Fourteenth Amendment, U.S. Constitution; (4) the Equal Protection Clause of the Fourteenth Amendment, U.S. Con-

stitution; and (5) the First Amendment to the U.S. Constitution.

**3.** The motion to dismiss also raised the issue of standing. *See* note 1, *supra*.

## Eleventh Amendment

■ Defendants argue that the Eleventh Amendment is a bar to the plaintiffs' claims against defendants Arlington Developmental Center, the Tennessee Department of Mental Health and Mental Retardation, the Tennessee Department of Health, and the Tennessee Department of Human Services for relief under Counts I (Social Security Act), III (due process clause), IV (First Amendment) and V (equal protection). Courts are limited by the Eleventh Amendment to providing for only "prospective injunctive relief" against state officials sued in their official capacity. *Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 959 (6th Cir.1986). Accordingly, the claims against the above-listed agencies pursuant to the Social Security Act, the due process clause, First Amendment and the equal protection clause are dismissed.[4] However, this Court can consider the merits of the plaintiffs' claims against individual defendant state officials sued in their official capacities since, if successful, plaintiffs could be entitled to prospective injunctive relief.

## Title XIX of the Social Security Act

■ The plaintiffs assert that Title XIX of the Social Security Act creates judicially enforceable rights against state officials under 42 U.S.C. § 1983. The defendants agree that the plaintiffs may sue under the Social Security Act when the actions of state officials have denied a direct right to payment, *See Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), but that the plaintiffs cannot sue the defendants for failure to meet any minimum standards of care—standards of care which the facility must meet in order to retain federal funding under the Act, which are indirect benefits.

4. Defendants do *not* contend the Eleventh Amendment is a bar to plaintiffs' claims pursuant to the Rehabilitation Act. Thus, the Court's analysis under the Rehabilitative act is not only applicable to the named individual plaintiffs, but is also applicable to the defendant agencies.

5. The parties agree that Title XIX does not expressly provide for a private right of action.

■ When determining whether a federal statute creates implied rights of action,[5] the primary focus is on congressional intent. *Cabinet for Human Resources, Com. of Ky v. Northern Kentucky Welfare Rights Ass'n,* 954 F.2d 1179, 1181 (6th Cir.1992). The Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) set out four factors to consider when determining whether a private remedy is implicit in the statute. These factors are as follows: (1) Is the plaintiff one of the class for whose special benefit the statute was enacted? (2) Did Congress indicate any intent either to create or deny a remedy? (3) Would implying a remedy for the plaintiff be consistent with the underlying purpose of the legislative scheme? and (4) Would the cause of action be one traditionally delegated to state law such that it should be inappropriate to imply a federal remedy? *Cabinet for Human Resources* at 1181.

The defendants assert that the courts should not second-guess certification decisions, thereby rendering superfluous the entire administrative review and oversight mechanism developed by Congress through the Medicaid program. Such enforcement by the federal courts would interfere with the administrative system which each state has been required to implement.

Defendants arguments are compelling. This Court is not persuaded that Congress in enacting Title XIX of the Social Security Act intended to create a private cause of action for enforcement of the standards of care which a facility must meet in order to retain funding. Accordingly, plaintiffs' claims under Title XIX are dismissed.[6]

## Rehabilitation Act of 1973, and Title II of the American With Disabilities Act of 1990

■ In order to state a claim under § 504 and Title II[7] plaintiffs must prove (1) that

6. Although Title XIX does not provide the mechanism for private enforcement of standards of care, the essence of some of these claims is remedied through the due process clause of the Fourteenth Amendment. *See* substantive due process analysis, infra.

7. Plaintiffs and defendants agree that the analysis under § 504 and Title II would be the same under the facts and claims asserted by the plaintiffs. Additionally, the parties agree that the

they are handicapped within the meaning of the Act, (2) that they are "otherwise qualified" for the services sought, (3) that they were excluded from the services sought solely by reason of these handicaps, and (4) that the program in question receives federal financial assistance. *Clark v. Cohen,* 613 F.Supp. 684, 692 (D.C.Pa.1985), aff'd on other grounds, 794 F.2d 79 (3rd Cir.), *cert denied,* 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 404 (1986); *See also Doherty v. Southern College of Optometry,* 862 F.2d 570 (6th Cir.1988).

■ Plaintiffs are claiming, *inter alia,* that some Arlington residents are being excluded from community services, because of the severity of their retardation or physical disabilities, but that other handicapped persons are receiving such services. However, an action asserting that certain plaintiffs have been the victim of discrimination vis-a-vis other handicapped people must fail because § 504 does not cover discrimination among similarly handicapped persons. *Clark* at 693; *Johnson v. Thompson,* 971 F.2d 1487, 1493, (10th Cir., 1992). Accordingly, plaintiffs claims under the Rehabilitation Act and Title II of the ADA are dismissed.

### Due Process

■ With respect to the due process clause of the Fourteenth Amendment, the complaint primarily sets out substantive due process issues, although there appears to be at least one allegation which goes toward a procedural due process claim. This Court has already recognized the substantive due process rights of institutionalized individuals.

See USA v. State of TN, Docket No. 92–2062.[8] Since the plaintiff has alleged sufficient facts to support a claim of violations of substantive rights, dismissal is not appropriate. Accordingly, the defendants motion to dismiss the substantive due process claim is denied.

The plaintiffs contend that they have been denied an opportunity to be heard on the appropriateness of their habilitative plans, programs and environment. Under the standard of a motion to dismiss, the Court must take as true the allegations in the complaint. At this point in time, it appears that Arlington residents are entitled to some review or hearing during the course of their stay. *See Clark* at 697–701. Without further evidence on this point, this Court is reluctant to dismiss this claim. Therefore, the procedural due process claim, if any, will not be dismissed until this court has further information regarding any hearings that may have been conducted during the confinement of some of the plaintiffs. Accordingly, defendants' motion to dismiss the procedural due process claims is denied.

### First Amendment

Under Count IV, the plaintiffs aver that their First Amendment rights of freedom of expression and association and religion have been violated by defendants. Although the defendant concede that the plaintiffs may have stated a claim under the First Amendment because of certain alleged incidents not related to any policy at Arlington, subsections (b), (d) and (e) are dismiss because none of the plaintiffs have alleged any injury with respect to these allegations. However,

---

Eleventh Amendment is not a bar to claims arising under Title II of the ADA and § 504.

8. Although the vast majority of residents at Arlington were placed there at the request of their parents or guardians, as opposed to a court commitment procedure, it is reasonable to infer from the facts as alleged that there is sufficient state action in the process used to admit residents into the facility to trigger substantive due process rights under the Fourteenth Amendment. *See Parham v. J.R.,* 442 U.S. 584, 600, 99 S.Ct. 2493, 2503, 61 L.Ed.2d 101 (1979) ("It is not disputed that a child, in common with adults, has a substantial liberty interest in not being confined unnecessarily for medical treatment and that the state's involvement in the commitment decision

constitutes state action under the Fourteenth Amendment"). Also, under Tennessee law, once an individual is confined to Arlington the mentally retarded person is under the "exclusive care, custody and control of the commissioner and superintendent." Tenn.Code Ann. § 33–5–103. Once the state has accepted the individual into its custody and control, the state has assumed some responsibility for the safety and well-being of the resident. *See DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 198–200, 109 S.Ct. 988, 1005, 103 L.Ed.2d 249 (1989). Moreover, the alleged harm is caused by state actors who control every aspect of the resident's daily life, including treatment, care and his or her movement in and out of the institution.

plaintiffs have sufficiently alleged facts to support their claims under Count IV(a) and (c) and, therefore, defendants motion to dismiss those claims is denied.

### Equal Protection

 The plaintiffs additionally assert equal protection violations. Defendants claim that mental retardation is not a suspect or quasi-suspect class, that institutionalization is a rational choice, and thus there is no equal protection claim. This Court agrees that the equal protection claim should be dismissed.

Mentally retarded persons are not a suspect classification and the courts only apply rational basis scrutiny. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). There is sufficient logical rationale for the defendants actions to overcome the plaintiffs' challenge. Accordingly, plaintiffs' equal protection claim is dismissed. Moreover, Section 504 codified the equal protection clause with respect to persons with disabilities. Since the § 504 claim is dismissed, plaintiffs' equal protection claim likewise fails.

Based on the foregoing, defendants' motion to dismiss is GRANTED in part and DENIED in part. Claims under Title XIX of the Social Security Act, Sections 100 and 504 of the Rehabilitation Act of 1973, Title II of the American With Disabilities Act of 1990, the First Amendment as set out in Count IV(b), (d), & (e), and the Equal Protection Clause are DISMISSED. The claims remaining are those under the First Amendment as set out in Count IV(a) and (c) and the Due Process Clause.

As already noted above, because this case raises important issues and controlling questions of law as to which there is substantial ground for difference of opinion, an immediate appeal from this order with respect to certain claims may materially advance the ultimate termination of litigation. Therefore, the following claims are certified for appeal: (1) Title XIX of the Social Security Act; (2) Sections 100 and 504 of the Rehabilitation Act of 1973; and (3) Title II of the Americans With Disabilities Act of 1990.

SO ORDERED.