Miriam **GRIER**, Plaintiff-Appellant,

v.

**SECRETARY OF the ARMY; Headquarters, United States Army Forces Command, Fort McPherson, Georgia; Adjutant General, Administrative Services, United States Army Forces Command; Officer in Charge, Mail and Distribution Classified Section, United States Army Forces Command; and Chief, Civilian Personnel, United States Army Forces Command, Defendants-Appellees.**

No. 85–8050.

United States Court of Appeals,
Eleventh Circuit.

Sept. 19, 1986.

J.T. Hollin, Jr., Atlanta, Ga., for plaintiff-appellant.

Myles Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before RONEY, Chief Judge, CLARK, Circuit Judge and FAIRCHILD *, Senior Circuit Judge.

PER CURIAM:

Plaintiff appeals from a judgment in favor of the defendants pursuant to a motion for summary judgment, on her claims of racial discrimination and denial of due process regarding her employment with the United States Army. For the reasons below, we affirm the judgment as to plaintiff's due process claim, and modify it so as to dismiss without prejudice plaintiff's racial discrimination claim.

On January 25, 1982, plaintiff, a black female, received a temporary appointment, scheduled to expire September 29, 1982, as a Mail Clerk at the United States Army Forces Command, Fort McPherson, Georgia. The personnel office at Fort McPherson proceeded to search for a permanent Mail Clerk in either April or May 1982. Pursuant to an Army regulation providing for non-competitive selection,[1] two referral lists were issued to the selecting officials. The first list contained three candidates, including plaintiff. According to the uncontroverted affidavit of the Civilian Personnel Officer, additional names were requested, no selection having been made from the first list. The Personnel Office then issued a second list of eight candidates, in addition to those on the first list.

On June 29, 1982, an eligible white female was selected from the second list for the permanent position.

The Chief Selecting Officer stated that the selectee was hired because of "[e]xperience in mail handling, basic correspondence, and no physical disabilities as far as heavy lifting, prolong [sic] standing." There is no formal record of why plaintiff was not chosen, as Army regulations do not require the selecting official to state reasons for rejection. See AR 690–300, ch. 335.1, requirement 4. While no performance deficiencies were noted in plaintiff's personnel file, there was deposition testimony that plaintiff's work was not satisfactory.

On July 12, 1982, plaintiff filed a grievance by letter with the proper Army personnel office, which was subsequently supplemented by her and by her attorney. Plaintiff alleged that Army regulations were not followed, and that a less qualified person was selected; no claim of racial discrimination was made at that time. Her grievance was referred to the United States Army Civilian Appellate Review Agency, Southeast Region. On December 16, 1982, the Examiner denied the relief requested, finding that the noncompetitive referral procedure was authorized by the governing regulations; that the selectee met the appropriate qualifications requirements and was eligible for noncompetitive selection; that plaintiff was interviewed and received full consideration for the position; that there was no requirement to issue a vacancy announcement under noncompetitive procedures; and that plaintiff was not adversely affected by being asked to resign, as the selection had already been made. This decision became final on February 4, 1983. On March 4, 1983, plaintiff filed the instant action.

---

* Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge, for the Seventh Circuit, sitting by designation.

1. Fort McPherson Regulation 690–1 provides: (b) *Referral.* If employee meets basic eligibility requirements and the request is considered to be in the best interest of both the employee and management, non-competitive referral may be made prior to initiating competitive procedures. The selecting supervisor may select any from the list of reassignment or demotion eligibles or may reject all referred under this provision and request that the position be filled through competitive procedures.

## I

The district court properly treated plaintiff's allegation that she was "adversely affected because of her race" as a claim brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 *et seq.,*[2] and entered judgment in favor of the Secretary of the Army, based on plaintiff's failure to exhaust her administrative remedies.

■ Before an aggrieved employee may seek relief through the filing of a civil action in federal court, § 717(c) requires that he or she must first seek relief in the agency that has allegedly engaged in discrimination. *Brown v. GSA,* 425 U.S. at 832, 96 S.Ct. at 1967–68. This requirement is not a technicality; "[r]ather, it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." *Kizas v. Webster,* 707 F.2d 524, 544 (D.C.Cir. 1983).

■ It is indisputed that plaintiff has never filed a charge of racial discrimination with the EEO Office, or any other office or personnel, at Fort McPherson. Her grievance related solely to questions of whether she was more qualified than the person selected and whether Army personnel complied with applicable regulations. The first mention of an improper racial basis for the hiring of the selectee is in her complaint filed in this action. Thus, the "complaint of discrimination" required by § 717(c) was never filed, and plaintiff's complaint must be dismissed. *See Scott v. Perry,* 569 F.2d 1064, 1065–66 (9th Cir.1978) (no indication that racial discrimination ever alleged prior to suit); *cf. Griffin v. Carlin,* 755 F.2d 1516, 1522 (11th Cir.1985) (administrative charge that blacks were denied training and opportunity for advancement, reasonably read, includes challenge to written tests); *Mangiapane v. Adams,* 661 F.2d 1388, 1390–91 (D.C.Cir.1981) (charge of fail-

ure to promote based on gender need not specify promotions denied).

■ Plaintiff argues that she should be excused from the requirement that any charge of racial discrimination be filed with the agency because she was counseled not to file such a charge by an Army personnel officer and the Atlanta Office of the EEOC. However, even if her version of events is assumed to be true, such equitable considerations are relevant to whether the timeliness requirement for filing a charge should be subject to equitable tolling, not whether a charge must ever be filed at all; it is her failure to exhaust or even begin her administrative remedies that bars her suit. *Siegel v. Kreps,* 654 F.2d 773, 777 (D.C.Cir.1981). While the timeliness requirement does not erect a jurisdictional prerequisite to suit, *Zipes v. Trans World Airlines,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982), this does not "suggest[ ] that parties complaining of federal employment discrimination in violation of Title VII should ever be waived into court without filing *any* initial charge with the agency whose practice is challenged." *Kizas v. Webster,* 707 F.2d at 545–46 (emphasis in the original).

Plaintiff may still file an untimely charge and make her initial argument for equitable tolling in that forum. Of course, we express no opinion as to whether plaintiff can demonstrate facts warranting tolling. *See Ross v. United States Postal Service,* 696 F.2d 720, 722 (9th Cir.1983) ("When there is a failure to exhaust because of lack of notice, the complainant may still file an untimely charge and allow the agency to decide whether the lack of notice excuses untimeliness. In this way, administrative remedies may still be exhausted."); *cf. Jarrell v. United States Post Office,* 753 F.2d 1088, 1091–92 (D.C. Cir.1985) (issue of whether plaintiff justifiably relied on advice of EEO officer in failing to file timely charge remanded to

---

**2.** Section 717 of Title VII, 42 U.S.C. 2000e–16, is the "exclusive pre-emptive administrative and judicial remedy for the redress of federal employment discrimination." *Brown v. General Services Administration,* 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976); *Canino v. United States Equal Employment Opportunity Commission,* 707 F.2d 468, 472 (11th Cir.1983).

district court to consider plaintiff's equitable argument, rejected by defendant's EEO office, that late filing should be excused). Therefore, plaintiff's Title VII claim should have been dismissed without prejudice.

## II

Plaintiff also claims that she was denied due process of law by the selection of someone allegedly "less qualified," and by the failure to follow Army regulations. The district court properly treated this as a claim pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. 701 *et seq.,*[3] and granted summary judgment for the defendants on that basis.

■ Although plaintiff has never clearly set forth her APA claim, it appears that she seeks review under § 706(2)(A) and (D).[4] Her unsupported contention that *de novo* review is warranted under § 706(2)(F) must be rejected, because the decision to hire someone else was neither "adjudicatory in nature" nor were the "agency fact finding procedures [ ] inadequate." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *cf. Porter v. Califano,* 592 F.2d 770, 782 (5th Cir.1979) (suspension without pay adjudicatory, and accused officials intimately involved with factfinding).

■ Upon review of the administrative record, plaintiff's claim under § 706(2)(A)

amounts to nothing more than her belief that she, not the selectee, was the best qualified person for the job. She has presented no evidence that the decision to hire an eligible person who possessed the minimum qualifications was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." All that is required is that there be a rational connection between the evidence and the agency's decision. *Tackitt v. Prudential Insurance Company of America, Inc.,* 758 F.2d 1572, 1575 (11th Cir.1985). Here, the personnel officer gave rational reasons for the choice of the selectee, so we are not empowered to substitute our judgment for that of the Army Personnel Office as to which candidate was best qualified for the permanent position. *Bowman Transportation, Inc. v. Arkansas-Best Freight Systems, Inc.,* 419 U.S. 281, 286, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974).

■ Defendants are also entitled to judgment as a matter of law on plaintiff's claim under § 706(2)(D) that established personnel procedures were not followed. She seems to argue that resort to the second list of noncompetitive referrals was impermissible; either those names from the first list must be included on the supplemental list, or competitive selection procedures must be used. However, Fort McPherson's Civilian Personnel Officer testified that he interpreted the regulation at issue[5] to permit the use of a "supplemental list." As this agency interpretation is not

---

**3.** Plaintiff's only recourse, if any, is under the APA, as an action against a federal employer for an alleged constitutional violation, *i.e.,* a *Bivens*-type action, *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), is not available. *Dynes v. Army-Air Force Exchange Service,* 720 F.2d 1495, 1497–99 (11th Cir.1983) (summary judgment granted in favor of defendant on employee's due process claim for failure to follow Army and Air Force regulations); *Gleason v. Malcom,* 718 F.2d 1044, 1047–48 (11th Cir.1983) (Fort McPherson employee's suit dismissed); *see also Gremillion v. Chivatero,* 749 F.2d 276, 279 (5th Cir.1985).

**4.** 5 U.S.C. 706 provides, in relevant part, that the reviewing court shall:

    \*    \*    \*    \*    \*    \*

(2) hold unlawful and set aside agency action ... found to be—

    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

      \*    \*    \*    \*    \*    \*

    (D) without observance of procedure required by law;

    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

**5.** *See* footnote 1, *supra.*

at odds with the text of the regulation, or plainly erroneous, it is entitled to great deference by this court. *United States v. Larinoff*, 431 U.S. 864, 872–73, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977); *Kahlenberg v. Immigration and Naturalization Service*, 763 F.2d 1346, 1349 (11th Cir.1985). Therefore, the Army adequately complied with all procedural requirements.

Plaintiff also argues that because a "less qualified" applicant was chosen and she was not given an explanation for her rejection, she did not receive due process. However, the regulations do not permit an employee to grieve "[n]onselection from a properly constituted referral list," AR 690–700, ch. 771.1–7b(3), nor is the personnel officer required to give reasons for nonselection, AR 690–300, ch. 335.1–4, requirement 4b(1).

█ Finally, plaintiff complains that she was asked to resign for being a "troublemaker." Defendants do not dispute that resignation was suggested by her superior and that such a suggestion is impermissible, *see* Fort McPherson Regulation 690–1. Such improper suggestion did not violate plaintiff's rights in the process of selection, however, because this incident occurred after the selection had been made by another officer, and plaintiff has failed to demonstrate any connection between the two events.

Accordingly, as to plaintiff's claim of racial discrimination, the judgment is modified so as to dismiss the claim without prejudice. In all other respects, the judgment is AFFIRMED.

Each party to bear own costs.