James N. STEPHENS,
Plaintiff–Appellant,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, Secretary,
Defendant–Appellee.

James N. STEPHENS,
Plaintiff–Appellant,

v.

Terry S. COLEMAN, Isabel P. Dunst,
Defendants–Appellees.

Nos. 89–8550, 89–8551.

United States Court of Appeals,
Eleventh Circuit.

May 23, 1990.

Beverly B. Bates, Bates, Baum and Landey, Atlanta, Ga., plaintiff-appellant.

Marleigh D. Dover, William Kanter, U.S. Dept. of Justice, Civil Div., Washington, D.C., for Department of Health and Human Services.

Robert L. Barr, U.S. Atty., Sandra R. Ganus, Nina Loree Hunt, Atlanta, Ga., John S. Koppel, Marleigh D. Dover, Barbara L. Herwig, Robert D. Kamenshine, Dept. of Justice, Civil Div., Washington, D.C., for Terry Coleman and Isabel P. Dunst.

Before KRAVITCH, Circuit Judge, and RONEY * and ALDISERT **, Senior Circuit Judges.

ALDISERT, Senior Circuit Judge:

The major question presented in these appeals by James N. Stephens, Deputy Regional Attorney of the Department of Health and Human Services (HHS), who was an unsuccessful candidate for the office of Regional Attorney, is whether the district court properly concluded that the grievance procedure set forth in the Civil Service Reform Act of 1978 (CSRA), codified and amended in various sections of 5 U.S.C., precludes federal court review of an alleged "prohibited personnel practice," where the Office of Special Counsel declines to petition the Merit Systems Protection Board for consideration of the complaint. Appellant also alleges the district court erred by: 1) refusing to compel the HHS to turn over records pursuant to a Freedom of Information Act request

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

(FOIA); 2) erroneously approving HHS' failure to grant appellant a veterans' preference; and 3) failing to exercise personal jurisdiction over two government employees. Because we hold that the administrative procedure set forth in the CSRA and approved in *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) precludes judicial review in this case, and that the collateral claims asserted have no merit, we affirm the judgment of the district court.

Jurisdiction was proper in the trial court based on 28 U.S.C. § 1331. We have jurisdiction on appeal pursuant to 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a), F.R.A.P.

Stephens' substantive claims based on his non-selection and all allegations of injustice stemming from the grievance procedure were dismissed for failure to state a claim. The standard of review for a motion to dismiss is the same for the appellate court as it was for the trial court. On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true. *Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir.1988).

The district court granted summary judgment as to the FOIA request. When this court reviews the grant of a motion for summary judgment, all the facts and inferences therefrom are viewed in the light most favorable to the appellant. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983).

Whether the district court correctly determined that Stephens was not subject to a veterans' preference is a mixed question of law and fact. As to the fact portion of the mix, we apply the clearly erroneous rule. As to the legal component we will apply the plenary review standard. *See United States v. Wilson*, 894 F.2d 1245 (11th Cir.1990).

## I.

In May of 1985, the HHS Office of General Counsel (OGC) announced a vacancy for the position of Regional Attorney (now called Chief Counsel), Region IV, Atlanta, Georgia. Stephens, who had been acting Regional Attorney for seven months, applied for the position. He asserts he was extremely qualified for the position, having been ranked number three in his class at Wake Forest Law School, a Deputy Regional Attorney for 11 years and having been assigned numerous important projects during his 21 years at HHS. Mr. Stephens was notified on August 14, 1985, that Mr. Granger had been appointed to the position.

### A.

In September of 1985, appellant filed a grievance with the OGC, alleging that the selecting officials had not followed HHS or federal regulations in selecting the Regional Attorney. While his grievance was pending, appellant sought various documents relating to the appointment of Granger as Regional Attorney through a Freedom of Information Act (FOIA) request.

Appellant filed a second grievance with OGC on October 25, 1985, alleging additional errors in the selection process. This grievance was rejected on November 19, 1985. Appellant's subsequent request for an investigation and hearing by another hearing officer was rejected on January 30, 1986. While these grievances were pending, appellant filed a discrimination complaint with HHS. The discrimination complaint was based on the same facts as the two prior grievances. Appellant failed to notify the grievance official of the pending HHS grievance. HHS, accordingly, refused to reconsider dismissal of the grievance.

Stephens subsequently filed a grievance with the Office of Special Counsel (OSC) of the Merit System Protection Board (MSPB), a special independent ombudsman-type official. 5 U.S.C. § 1205. The OSC concluded that the regulations claimed to have been violated by HHS did not apply to Stephens because he was an exempt employee. Additionally, the OSC refused to address the discrimination issues alleged because it was office policy to leave those issues to determination by the Equal Em-

ployment Opportunity Commission. The OSC, therefore, declined to petition the Merit Systems Protection Board for consideration of Stephens' complaint. By operation of the statute describing the Office of Special Counsel, all review ended when that office declined to petition the Board for consideration of the grievance. 5 U.S.C. § 1214.

### B.

On August 26, 1986, appellant filed an action in district court challenging HHS' decision not to promote him, the rejection of his grievance, and the failure of HHS to release all documents requested in his FOIA request (complaint I). He alleged that: 1) HHS had violated the Administrative Procedure Act (APA) by not complying with various statutes and regulations during the selection process and the grievance procedure; 2) he was denied due process by HHS' failure to grant him a veterans' preference; 3) HHS violated his due process and equal protection rights; and 4) HHS improperly withheld information requested pursuant to the FOIA. The complaint was amended to allege that appellant had been penalized in promotion because he refused to provide derogatory information about his former supervisor. He also added a claim for damages to his reputation by non-selection for the position of Regional Attorney.

In August 1987, he filed a companion case against the individual defendants, Coleman and Dunst (complaint II), seeking essentially the same relief only to the extent relief is determined to be unavailable against defendant in complaint I. The complaint of August 1987 required the court to exercise personal jurisdiction over Mr. Coleman and Ms. Dunst based on their participation in appellant's non-selection. Appellant asserted a *Bivens* claim against the two defendants in their individual capacity for their alleged deprivation of his constitutional entitlement to a veterans' preference. He again argued that he was entitled to a veterans' preference.

On April 5, 1989, the district court dismissed the promotion and grievance counts and granted appellee's motion for summary judgment on the FOIA claim in complaint I. The court held that the Civil Service Reform Act provided the exclusive remedy for the personnel actions alleged. The court did review the claim as to the veterans' preference but concluded that the preference was only available for initial appointment or retention of job. Because the position of Regional Attorney would have been a promotion for Stephens, a veterans' preference was not available. *Stephens v. Secretary, Dep't of Health and Human Servs.*, No. 1:86–CV–1875–HTW, at 13, (April 5, 1989) [hereinafter *Stephens I*]. As to the FOIA claims, the court held that appellant had been provided with the information most relevant to his non-selection and that the additional material was properly withheld pursuant to 5 U.S.C. §§ 552(b)(5) and (6). *Stephens I*.

The district court dismissed complaint II for lack of personal jurisdiction and failure to state a claim. The court concluded that "plaintiff may not obtain *Bivens* relief against federal officials in their individual capacities in this case as Congress has provided comprehensive procedural and substantive provisions which give meaningful remedies against the United States by way of the CSRA." *Stephens v. Coleman*, 712 F.Supp. 1571, 1581 (N.D.Ga.1989) (relying on *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)).

### II.

Stephens' main contention, and the only contention we will discuss at length, concerns the preemptive effect of the CSRA. This argument takes three tracks. First, he contends that the CSRA is not the exclusive remedy for preference-eligible, exempt, federal employee relief. He next argues that even if we determine that private rights for "prohibited personnel practices" are preempted by the CSRA, the federal courts nevertheless have jurisdiction over his claim because he has asserted constitutional violations. Finally he argues

that even if the CSRA preempts other judicial review, he still has a *Bivens* action against Coleman and Dunst in their individual capacities.

Stephens also contends that the district court erred in entering summary judgment in favor of HHS by determining that certain materials sought by him under the Freedom of Information Act are exempt from disclosure. He challenges the ruling that he was not entitled to a veterans' preference. Finally, Stephens asserts that the district court erred in dismissing his complaint against Coleman and Dunst for lack of personal jurisdiction. We agree with the district court's personal jurisdiction conclusion, but it will not be necessary to discuss this point because we conclude that the trial court did not err in its alternative basis for dismissal—that Stephens' contentions on the merits may not survive a motion to dismiss.

### III.

■ Stephens argues that the CSRA is not the exclusive remedy for federal employees, alleges that the statute does not state that it is exclusive and does not cover all employee personnel actions. He contends that the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, and mandamus, 28 U.S.C. § 1361, were designed to provide an additional remedy for aggrieved federal employees in the federal courts. In support of this view, he relies on pre-CSRA procedures, suggesting that the APA was available to preference-eligible, exempt federal employees claiming statutory violations. *See Kletschka v. Driver*, 411 F.2d 436 (2d Cir.1969). He argues that no court should restrict judicial review absent a "showing of 'clear and convincing' legislative intent." *See* Brief for Appellant at 40 (citing *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)). He acknowledges the existence of a preemption line of cases, but suggests that we have rejected those cases. *See Grier v. Secretary of the Army*, 799 F.2d 721 (11th Cir.1986); *Gleason v. Malcom*, 718 F.2d 1044 (11th Cir. 1983). Stephens asserts that the mere fact

the CSRA provides for review of certain personnel actions by the OSC, then the MSPB and in some cases the Federal District Court or the Court of Claims, does not evince an intent by Congress to deny APA review in those cases where the CSRA does not provide for review by the MSPB. Indeed, he argues such an interpretation would frustrate the reformative intent of the CSRA by denying review of an agency's failure to follow its own procedures. Appellant says he is not seeking review of the merits of his grievances in this court, but rather a review of the agency's misconduct in handling his grievance.

Unfortunately for the appellant, his multitudinous, voluminous and extremely innovative arguments have been foreclosed by the Supreme Court. In *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), the Court held than an exempt, non-preference, federal employee, who had exhausted his administrative grievance procedures and was not provided further avenues for relief or appeal under the administrative review provisions the CSRA, did not have a right to bring an action in federal court against the government for the alleged prohibited personnel practice. *Id.* at 447–52, 108 S.Ct. at 677–79. The court faced head on the argument that pre–CSRA statutes and case law would have provided the employee with review and rejected the contention outright. *Id.* at 454–55, 108 S.Ct. at 680–81. The court held that the CSRA was now the exclusive remedy of the federal employee. We believe *Fausto* applies to preference-eligible as well as non-preference employees.

We hold that under *Fausto*, and a number of cases of the U.S. Courts of Appeals, the CSRA is Stephens' exclusive remedy. *See, e.g., Towers v. Horner*, 791 F.2d 1244, 1246 (5th Cir.1986); *Schrachta v. Curtis*, 752 F.2d 1257, 1260 (7th Cir.1985). Cases in this court are not to the contrary. Although our decisions in *Grier* and *Gleason* were made after the effective date of the CSRA, and permitted APA review, they failed to mention the CSRA. More importantly, both cases were decided before *Fausto*, which emphatically and conclusively established the preemptive nature of the

CSRA. *See Grier*, 799 F.2d 721; *Gleason*, 718 F.2d 1044.

■ Moreover, the APA expressly excepts review where the relevant statute "preclude[s] judicial review," 5 U.S.C. § 701(a)(1), or where the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). "[T]he comprehensive nature of the ... CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA, or not at all." *Veit v. Heckler*, 746 F.2d 508, 511 (9th Cir.1984). The same argument applies to appellant's request for mandamus, 28 U.S.C. § 1361. No right to mandamus exists where other adequate remedies are available. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.), *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980). The CSRA provides other adequate remedies. *Towers v. Horner*, 791 F.2d 1244, 1247 (5th Cir.1986).

We conclude that the holding of *Fausto* is applicable to a preference-eligible federal employee, like Stephens, as well as a non-preference eligible employee, as was before the court in *Fausto*.

### IV.

■ Stephens' argument based on alleged deprivations of constitutional rights also cannot carry the day. He is simply recharacterizing the basis of his APA claim as a constitutional violation. The Supreme Court has recently explained that it will not permit additional remedies for alleged constitutional violations where "Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Chilicky*, 487 U.S. at 413, 108 S.Ct. at 2462. The CSRA provides adequate remedial mechanisms. *See, e.g., Pinar v. Dole*, 747 F.2d 899, 910–11 (4th Cir.1984) (CSRA mechanisms preclude all other judicial intervention), *cert. denied*, 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985); *Lombardi v. Small Business Admin.*, 889 F.2d 959, 961 (10th Cir.1989) (employee terminated for alleged infringement of first amendment rights did not

have *Bivens* action or injunctive relief available as a remedy).

### V.

■ Stephens' final argument that he is entitled to federal court review of this alleged prohibited personnel practice takes the form of a *Bivens* claim. Stephens asserts he has "a legitimate entitlement to a veteran's preference, to a hearing on his grievance, and to the issuance of a validly processed and validly issued appointment certificate to the vacancy for which he applied." Brief for Appellant at 21. He sees this as both a liberty and a property interest and says that deprivation of these rights are prohibited by the equal protection and due process clauses of the fifth amendment. He also claims that his first amendment rights were violated when he was retaliated against for refusing to criticize his former employer. Therefore, he believes he is entitled to bring a *Bivens* action.

In support of this conclusion, he relies principally on the concurring opinion of Justice Blackmun in *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), stating "this court has long recognized that the Constitution itself supports a private damages action against a federal official." *Id.* at 455, 108 S.Ct. at 681 (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)). He attempts to distinguish *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) by contending that Congress has not decided that his rights are not reviewable in federal court, as was the case of the Social Security Act in *Chilicky*.

Stephens also relies on the distinction set forth in *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) between a public employee speaking as a citizen about matters of public concern instead of as an employee speaking about matters only of personal interest:

When employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to

the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment....

... [W]hen a public employee speaks not as a citizen upon matters of public conern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.

*Id.* at 146–147, 103 S.Ct. at 1690. *See also, Rankin v. McPherson,* 483 U.S. 378, 384, 107 S.Ct. 2891, 2898, 97 L.Ed.2d 315 (1987) (threshold question is whether speech is on a matter of public concern).

Finally, he argues, somewhat irrelevantly, that *Webster v. Doe,* 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) emphasizes the court's reaffirmation of the district court's role in reviewing federal personnel decisions under the APA.

A *Bivens* action is only permitted where 1) the petitioner has no alternative means of obtaining redress, and 2) there are no "special factors counseling hesitation." *Bivens,* 403 U.S. at 396–97, 91 S.Ct. at 2005.

> [W]hen the design of a Government program suggests that Congress has provided what it considers to be adequate remedies for constitutional violations that may occur in the course of the program's administration [we have not created additional *Bivens* remedies].

*Chilicky,* 487 U.S. at 424, 108 S.Ct. at 2468; *see Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). In addition, this court has recognized that the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) precludes the maintenance of job-related *Bivens* actions by federal employees. *McCollum v. Bolger,* 794 F.2d 602, 607 (11th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987); *Wells v. FAA,* 755 F.2d 804, 810 (11th Cir.1985).

We agree with the district court that Stephens' contentions are limited to a matter of acute personal interest—a job; his contentions do not implicate the type of public concern discussed in *Connick.* Because we take this view, Stephens may find no solace in *Rode v. Dellarciprete,* 845 F.2d 1195 (3d Cir.1988).

Finally, *Webster v. Doe* does not support appellant's position. There, suit was brought against the CIA's director in his official capacity for declaratory and injunctive relief for alleged constitutional and statutory claims. The Court held the constitutional claims were judicially reviewable. No "individual" liability was sought. *Webster* has nothing to do with *Bivens* actions. *Webster,* 486 U.S. 592, 108 S.Ct. 2047.

## VI.

As to Stephens remaining contentions: that he was entitled to the entire promotion file in his Freedom of Information Act request, that he was entitled to a veterans' preference, and that the district court erred in concluding that it did not have personal jurisdiction over Coleman and Dunst for complaint II, we have reviewed the arguments and contentions raised by appellant and determine they are without merit.

■ The information requested by Stephens and not disclosed by HHS is privileged as "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5), or as an "unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The district court did not err when it refused to require HHS to produce these documents.

■ We conclude that the decision of the district court determining that Stephens' application for the position of Regional Attorney was an application for promotion is consistent with the facts and arguments set forth in the record. Therefore, we affirm the decision of the district court upholding HHS' decision not to grant Stephens a veterans' preference. *See Noble v.*

*Tennessee Valley Authority,* 876 F.2d 1580, 1583, *appeal dismissed,* 892 F.2d 1013 (Fed.Cir.1989) (en banc).

Finally, we agree with the district court's refusal to exercise personal jurisdiction over Coleman and Dunst. Because of our holding as to the court's dismissal of the substantive claims, we have elected not to discuss this issue.

### VII.

We have considered all contentions presented by the appellant in both appeals. The judgments of the district court are AFFIRMED.