**Joseph M. HAY, Plaintiff,**

v.

**SECRETARY OF THE ARMY, John O. Marsh, The Department of the Army, Fort Gordon, Georgia; J. Warner Foster, Individually William F. Minton, Individually, Jenny W. Clark, Individually, and Charles F. Rimbey, Individually, Defendants.**

Civ. A. No. CV189–005.

United States District Court,
S.D. Georgia,
Augusta Division.

June 4, 1990.

---

**610**

Harry B. James, III, Augusta, Ga., for plaintiff.

Henry L. Whisenhunt, Jr., Augusta, Ga., Major Stewart C. Hudson, Office of the Judge Advocate Gen., Washington, D.C., for defendants.

## ORDER

BOWEN, District Judge.

Plaintiff, a black male, filed an amended complaint seeking relief under Title VII, 42 U.S.C. § 2000e *et seq.*, for alleged racially and sexually discriminatory employment practices of defendants. In addition, plaintiff's amended complaint prays for general and punitive damages for defendants' intentional violation of the Privacy Act, 5 U.S.C. § 552a(g)(4). Prior to his removal from federal service on November 7, 1988, plaintiff was employed by the Department of the Army as an Electronic Training Manager at Fort Gordon, Georgia. Plaintiff alleges that the defendants discriminated against him because of his race and sex by changing his position from a non-sensitive position to one that required a security clearance, by removing him from federal service, and by refusing to transfer him to a nonsensitive position. Plaintiff also contends that four named individual defendants, also employed at Fort Gordon, disseminated information concerning the revocation of his security clearance in violation of the Privacy Act.

Currently pending before the Court is defendants' motion to dismiss or, in the alternative, for summary judgment. As grounds for said motion, defendants advance three arguments: (1) plaintiff's claim of race and sex discrimination must be dismissed because he failed to exhaust his administrative remedies; (2) the Court lacks subject matter jurisdiction over plaintiff's Privacy Act claim; and (3) the plaintiff's complaint names improper defendants. Since I will rely upon matters outside the pleadings in resolving defendants' motion to dismiss plaintiff's Title VII claims, defendants' motion to dismiss with respect to plaintiff's Title VII claims will be treated as a motion for summary judgment. See Fed.R.Civ. P. 12(b).

Summary judgment should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact in the case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368 (11th Cir.1982). The party moving for summary judgment may meet this burden by showing that the non-movant has failed to make a showing sufficient to establish the existence of an element essential to the non-movant's case, and on which the non-movant will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If there is any factual issue in the record that is unresolved by the motion for summary judgment, then the Court may not decide that matter. *See Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981). All reasonable doubts must be resolved in favor of the party opposing summary judgment. *Casey Enterprises v. American Hardware Mutual Insurance Co.*, 655 F.2d 598, 602 (5th Cir. 1981). When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985). This burden cannot be carried by

reliance on the pleadings, or by repetition of the conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir.1981). Rather, the opposing party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56.

The file indicates that the clerk notified the plaintiff of the consequences for failure to respond to the motion for summary judgment. *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir.1985). The plaintiff having had a reasonable opportunity to respond to the motion, I will now rule on defendants' motion for summary judgment.

■ As argued by defendants, Title VII is the "exclusive preemptive administrative and judicial remedy for the redress of federal employment discrimination." *Brown v. General Services Administration*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). Moreover, "[b]efore an aggrieved employee may seek relief through the filing of a civil action in federal court, § 717(c) [of Title VII] requires that he or she must first seek relief in the agency that has allegedly engaged in discrimination." *Grier v. Secretary of Army*, 799 F.2d 721, 724 (11th Cir.1986).

> This requirement is not a technicality; "[r]ather, it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment."

*Grier v. Secretary of Army*, 799 F.2d at 724 (quoting *Kizas v. Webster*, 707 F.2d 524, 544 (D.C.Cir.1983)).

In the instant case, the primary issue with respect to plaintiff's claims of sexual and racial employment discrimination is whether plaintiff has exhausted his administrative remedies for these claims prior to initiating this civil action under Title VII. Plaintiff asserts that he has exhausted his administrative remedies. As support for this assertion, plaintiff relies upon a final decision letter from the Army dated December 9, 1988, and received by plaintiff on or about December 14, 1988. Plaintiff contends that this final decision letter provided plaintiff with the right to bring this suit in federal district court and that plaintiff filed this suit within the required 30–day time period, running from the receipt of the final decision letter. However, plaintiff fails to mention, in his brief, the basis of the administrative agency's ruling leading up to the issuance of the final decision letter.

The documentation submitted by defendants in support of their motion illustrates the limited administrative review process undertaken by plaintiff with respect to his claims of sexual and racial discrimination. Plaintiff was removed from federal service on November 7, 1988 (defendants' exhibit #10). On November 23, 1988, plaintiff appealed his removal to the Merit Systems Protection Board (MSPB) (defendants' exhibit #11). Plaintiff did not raise any allegations of sex or race employment discrimination. Plaintiff merely alleged the following:

> The agency was wrong in removing appellant before the position was determined to be allegedly sensitive; the agency was also wrong in removing appellant without first making a fair and impartial determination that the position was in fact one that required a sensitive designation, as the justification for the change is inadequate and based upon false and untrue information; the agency was further wrong in failing to accord appellant the opportunity to qualify for the new added element to the position that he had held for almost two years.

(defendants' exhibit #11). On November 29, 1988, while the MSPB appeal was still pending, plaintiff filed an Equal Employment Opportunity complaint alleging, for the first time, sex and race employment discrimination. On or about December 14, 1988, plaintiff received a final decision letter from the agency in charge of reviewing Equal Employment Opportunity complaints against the Army. The final decision letter informed plaintiff that the agency rejected plaintiff's complaint due to the fact that plaintiff had previously filed an appeal with the MSPB which was still pending. The final decision letter proceeded to advise plaintiff that should he wish to proceed

further with this matter, he "must bring the allegations of discrimination contained in this rejected complaint to the attention of the MSPB as part of [his] appeal, pursuant to 5 CFR 1201.155." (defendants' exhibit # 12). Plaintiff failed to raise his allegations of employment discrimination before the MSPB.

As previously discussed, before bringing a Title VII civil action in federal court, the aggrieved plaintiff must exhaust his administrative remedies. Here, although the plaintiff initiated two separate administrative review proceedings and even obtained a final decision letter from one of the administrative agencies, not a single administrative agency has reviewed the merits of plaintiff's sex and race employment discrimination claims. The final decision letter from the agency in charge of EEO complaints explicitly stated that plaintiff's complaint was being rejected due solely to his pending appeal before the MSPB. Clearly, this EEO agency did not consider the merits of plaintiff's discrimination claims because it was barred from doing so.

Moreover, as stated above, plaintiff's appeal before the MSPB did not raise any allegations of employment discrimination. Even after being advised by the EEO agency, plaintiff failed to supplement his appeal before the MSPB with his employment discrimination claims. In addition, after filing the instant case, plaintiff withdrew his MSPB appeal (defendants' exhibit # 13). Consequently, it is clear that the MSPB did not have the opportunity to review the merits of plaintiff's employment discrimination

claims. In effect, plaintiff is circumventing the administrative review process, which is central to Title VII, by raising his employment discrimination claims in this Court without first obtaining substantive review of those claims from the appropriate administrative agencies. I conclude that plaintiff has failed to exhaust his administrative remedies as required by Title VII. *See Grier v. Secretary of the Army,* 799 F.2d 721 (11th Cir.1986); *Griffin v. Carlin,* 755 F.2d 1516 (11th Cir.1985). Accordingly, defendants' motion for summary judgment with respect to plaintiff's sex and race discrimination claims is GRANTED.

■ In support of their motion to dismiss plaintiff's Privacy Act claim, defendants argue that the Court lacks subject matter jurisdiction over these claims. Defendants contend that plaintiff's Privacy Act claims are essentially collateral attacks upon federal personnel employment actions and therefore, are not properly reviewable by this Court under the Privacy Act.

Plaintiff contends that the defendants "published untrue and unproven personal and private information about the plaintiff in violation of the Privacy Act of 1974, 5 U.S.C. § 552(b)(6)", specifically 5 U.S.C. § 552a(g)(1)(c) and (D)[1] (plaintiff's amended complaint, p. 6). Plaintiff asserts that his Privacy Act claims are separate and distinct from his claims under Title VII. Plaintiff contends that he has been adversely affected by the disclosure of this untrue information in that he has lost his job, retirement benefits and suffers ridicule from his peers and other individuals.[2]

---

**1.** Section 552a(g)(1)(C) and (D) read in pertinent part:

Whenever any agency

(C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or

(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,

the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

**2.** Although plaintiff never specifically mentions the subject matter of the untrue information, it is clear that he challenges the information disseminated and relied upon by defendants in revoking plaintiff's security clearance. Defendants show, through documentation, that the revocation of plaintiff's security clearance was based on a drunk driving conviction and on individuals declining to recommend plaintiff for a position of trust within the federal government (defendants' exhibit # 1).

Plaintiff alleges that the defendants acted intentionally in violating the Privacy Act.

■ As stated by other courts, the Privacy Act "may not be employed as a skeleton key for reopening consideration of unfavorable federal agency decisions." *Rogers v. Department of Labor*, 607 F.Supp. 697, 699 (N.D.Cal.1985). Moreover, the Privacy Act was not "... intended to shield employees from the vicissitudes of federal personnel management decisions." *Albright v. United States*, 732 F.2d 181, 190 (D.C.Cir. 1984). However, where, as plaintiff alleges in the instant case, "an agency acted in an 'intentional or willful' manner in failing to maintain accurate records, the district court may award actual damages sustained by the individual as a result of an adverse determination based upon such records." *Hewitt v. Grabicki*, 794 F.2d 1373, 1379 (9th Cir.1986) (citations omitted). "The Privacy Act protects individuals from injury that can result from the bureaucratic habit of collecting and retaining information, however dated, prejudicial, or false." *Dickson v. Office of Personnel Management*, 828 F.2d 32, 38 (D.C.Cir.1987).[3] Accordingly, defendants' motion to dismiss plaintiff's Privacy Act claims is DENIED.

Lastly, defendants contend that plaintiff has named improper defendants in both his Title VII claims and his Privacy Act claims. Since plaintiff's Title VII claims have already been dismissed on other grounds, I will only consider this argument as it relates to plaintiff's Privacy Act claims.

■ Under the Privacy Act the "agency" which improperly communicated or maintained the records, at issue in the lawsuit, is the proper defendant, not individuals. *Doe v. Naval Air Station*, 768 F.2d 1229, 1231, n. 1 (11th Cir.1985). Defendants' mo-

tion to dismiss the four individuals improperly named as defendants to plaintiff's Privacy Act claims is GRANTED. Accordingly, J. Warner Foster, William F. Minton, Jenny W. Clark, and Charles F. Rimbey are DISMISSED as defendants to this action and further case captions shall so reflect.

ORDER ENTERED at Augusta, Georgia, this 1st day of June, 1990.

---

**3.** Although plaintiff does allege that the information relied upon by defendants in revoking plaintiff's security clearance was untrue, plaintiff primarily argues that this information was intentionally disseminated by defendants. To avoid the assessment of costs associated with bringing and defending this claim if it is later discovered to be without merit, plaintiff is hereby advised to carefully consider the legal basis for this claim. A claim brought under section 552a(g)(1)(C) of the Privacy Act is actionable only where the agency acted in an "intentional

or willful" manner in failing to maintain accurate records. Therefore, the defendants' intentional dissemination of the information in the course of making a personnel decision is relevant only for the determination of whether the untrue information actually caused the agency to make its adverse decision against defendant. Although the act of disclosing information is relevant to the determination of whether the agency has violated Section 552a(b), plaintiff should be mindful of the exceptions contained therein.