70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick FORREY, Plaintiff-Appellant,
National Air Traffic Controllers Association, MEBA, AFL-CIO,
et al., Plaintiffs,
v.
OFFICE OF PERSONNEL MANAGEMENT; Fredrico Pena, Secretary of
Department of Transportation; David Hinson,
Administrator, Federal Aviation
Administration, Defendants-Appellees.
 No. 95-3359.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1995.
 
 Before: LIVELY, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Patrick Forrey, an Ohio citizen, appeals pro se the district court's dismissal of his complaint for lack of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Forrey and his local and national unions filed a complaint through counsel seeking declaratory and monetary relief from the Office of Personnel Management (OPM), the Secretary of the Department of Transportation, and the Administrator of the Federal Aviation Administration. Jurisdiction was alleged under the Administrative Procedure Act, 5 U.S.C. Sec. 701 (APA), and the Mandamus Act, 28 U.S.C. Sec. 1361. The complaint alleged that the Classification Appeals Office of the OPM had wrongfully denied Forrey's request for reconsideration of a decision denying his request for reclassification of his position as an air traffic control specialist from a GS-14 to a GS-15. Forrey's request for reclassification was based on the density of air traffic handled in the Cleveland region. Defendants moved for dismissal for lack of jurisdiction. The plaintiff unions voluntarily dismissed their claims, and Forrey's counsel was granted leave to withdraw. The district court granted the motion to dismiss, finding that the classification decision was discretionary and therefore not subject to judicial review. On appeal, Forrey argues that the district court erred in concluding that judicial review is unavailable.
 
 
 3
 This court reviews dismissals for lack of jurisdiction de novo. Moir v. Greater Cleveland Regional Transit Authority, 895 F.2d 266, 269 (6th Cir.1990). Upon consideration, we conclude that this complaint was properly dismissed for the reasons stated by the district court.
 
 
 4
 Forrey's arguments for judicial review have been rejected by the federal courts, which have concluded that review of personnel decisions is not available under the APA or the Mandamus Act. See Stephens v. HHS, 901 F.2d 1571, 1575-76 (11th Cir.), cert. denied, 498 U.S. 998 (1990). This court has concluded that Congress did not intend that judicial review would be available under the APA or the Mandamus Act after the enactment of the Civil Service Reform Act. Ryon v. O'Neill, 894 F.2d 199, 203 (6th Cir.1990). Mandamus relief is not appropriate both because no mandatory duty is involved, see id. at 205, and because alternate remedies exist. See Towers v. Horner, 791 F.2d 1244, 1247 (5th Cir.1986). Similarly, review under the APA is not available because classification decisions are discretionary. Id.
 
 
 5
 Accordingly, the district court's order dismissing this complaint for lack of jurisdiction is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.