**Loretta M. KAPPLER, Plaintiff,**

v.

**Togo D. WEST, Jr., Secretary of the Army, Defendant.**

**Civil Action No. CV 195–106.**

United States District Court,
S.D. Georgia,
Augusta Division.

Jan. 29, 1996.

Samuel Warren Cruse, Augusta, GA, for Loretta M. Kappler.

Edmund Alexander Booth, Jr., United States Attorney, Augusta, GA, for Togo D. West, Jr., Department of the Army.

ORDER

BOWEN, District Judge.

Defendant filed the present Motion to Dismiss the Complaint on the ground that the Court lacks subject matter jurisdiction over the matter. Fed.R.Civ.P. 12(b)(1). Plaintiff seeks to have this Court enforce a Settlement Agreement reached between Plaintiff and the Department of the Army on August 21, 1992. The Settlement Agreement concerns a dispute relating to Plaintiff's personnel grievances with the Department of the Army.

Plaintiff appealed her resignation from the Department of the Army to the Merit Systems Protection Board (MSPB) on May 11, 1992. Before the hearing on this appeal, the parties entered into the Settlement Agreement, which was not entered into the record of the MSPB. Therefore, the MSPB did not acquire jurisdiction over the Settlement

[redacted] 

Agreement for enforcement purposes. When Plaintiff later attempted to enforce the settlement agreement through the MSPB, her petition was dismissed for lack of jurisdiction. Plaintiff's petition for review of that decision was also dismissed by the Court of Appeals for the Federal Circuit. *Kappler v. Merit Systems Protection Bd.,* 41 F.3d 1517 (Fed.Cir.1994). Plaintiff then instituted this action. However, Plaintiff has not cited any jurisdictional basis for the present action.

The Settlement Agreement was executed within the framework of the administrative procedures set forth in the Civil Services Reform Act (CSRA), 5 U.S.C. § 1101 *et seq.* Under the CSRA, an employee can seek judicial review of a final order or decision of the MSPB. 5 U.S.C. § 7703(a)(1). Any petition to review a final order or decision of the MSPB, however, must be filed in the Court of Claims or a United States Court of Appeals. 5 U.S.C. § 7703(b)(1).[1] In this case, the MSPB never issued a final order or decision, and the MSPB did not retain jurisdiction over the matter. Plaintiff properly appealed the dismissal of this same action for lack of jurisdiction, and thus, she has exhausted her administrative remedies under the CSRA.

[redacted] The CSRA is a comprehensive and exclusive legislative scheme that governs federal personnel matters. *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *Stephens v. Department of Health & Hum. Servs.,* 901 F.2d 1571 (11th Cir.), *cert. denied,* 498 U.S. 998, 111 S.Ct. 555, 112 L.Ed.2d 562 (1990). As such, the only avenues for relief in personnel matters covered by the CSRA are those provided for in the CSRA. The CSRA does not provide for judicial review by this Court. Therefore, Plaintiff cannot seek enforcement of a Settlement Agreement arising out of a personnel grievance under the CSRA in this Court.

Plaintiff does not contest this conclusion, but insists that this Court consider her "unique situation" and assume jurisdiction over a government agency without statutory or constitutional authority. Under settled principles of sovereign immunity, the United States is immune from suit unless it unequivocally waives that immunity. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Any reliance on the CSRA for such waiver is misplaced in this case. Because Plaintiff has provided no other basis for jurisdiction, this case must be dismissed.

Accordingly, Defendant's Motion to Dismiss is GRANTED. The case is DISMISSED with prejudice. The Clerk is instructed to CLOSE this case and assess costs against Plaintiff.

[redacted]

1. This case is not subject to judicial review under 5 U.S.C. § 7702 because Plaintiff has never claimed she is a victim of discrimination.