**C.P. MOTION, INC., a Florida Corporation and as assignee of Lynn Redmond, Plaintiff,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant.**

No. 03–20038–CIV.

United States District Court, S.D. Florida.

May 14, 2003.

Stephanie Alexander, Tripp Scott Conklin & Smith, Ft. Lauderdale, for Plaintiffs.

Adam Craig Herman, Steven M. Ziegler PA, Hollywood, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed April 15, 2003.

THIS COURT has considered the motion, the pertinent portions of the record and is otherwise fully advised in the premises. On March 31, 2003, Plaintiff filed a First Amended Complaint against Defendant, alleging wrongful denial of employee benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1101, *et seq.* ("ERISA").[1] On April 15, 2003, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"). On April 30, 2003, Plaintiff filed its Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Response"), to which Defendant replied on May 7, 2003. The matter is ripe for disposition.

## STANDARD ON MOTION TO DISMISS

On a motion to dismiss the Court must view the complaint in the light most favorable to the plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23

---

1. This action was removed on January 9, 2003 from the County Court of the Eleventh Judicial Circuit, in and for Miami–Dade County, Florida, by the only defendant in the case, Aetna Health Inc. On March 31, 2003, Plaintiff filed the First Amended Complaint, naming Aetna Life Insurance Company as the defendant.

L.Ed.2d 404 (1969), and may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986). *See also* Fed. R. Civ. Pro. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). Moreover, the Court must, "at this stage of the litigation, ... accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Stephens v. Dep't of Health and Human Services,* 901 F.2d 1571, 1573 (11th Cir.1990). Thus, the inquiry focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99.

### LEGAL ANALYSIS

■ Defendant moves to dismiss Plaintiff's First Amended Complaint, arguing that Plaintiff failed to properly allege exhaustion of administrative remedies as required by ERISA. *See* Motion at 3–5. "Pursuant to ERISA, employers must establish procedures for reviewing employees' claims under their employee benefit plans. Eleventh Circuit precedent requires employees to exhaust these procedures before filing suit for benefits under ERISA." *Byrd v. MacPapers, Inc.,* 961 F.2d 157, 160 (11th Cir.1992) (internal citations omitted). Additionally, the Eleventh Circuit has made clear that a plaintiff must allege the exhaustion of the administrative procedures in the complaint. *See, e.g., id.; Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc.,* 57 F.3d 1040, 1042 (11th Cir.1995). Although on a motion to dismiss the Court must view the complaint in the light most favorable to the plaintiff, *see Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), and must accept all allegations as true, *see Stephens v. Dep't of Health and Human Services,* 901 F.2d 1571, 1573 (11th Cir.1990), allegations in a complaint stating that a plaintiff "had complied with 'all conditions precedent' or in the alternative that 'such conditions have been waived or excused' does not address the exhaustion requirement," and are therefore insufficient to overcome a motion to dismiss. *See Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc.,* 57 F.3d 1040, 1042 n. 2 (11th Cir.1995); *see also Variety Children's Hospital, Inc. v. Blue Cross/Blue Shield of Fla.,* 942 F.Supp. 562, 568 (S.D.Fla.1996) (finding plaintiff's allegations that "[a]t all times material hereto, the Plaintiff performed all obligations imposed on her by the contract of insurance in effect or, in the alternative, such conditions have been waived or excused" insufficient to satisfy exhaustion of administrative remedies pleading requirement).

■ Plaintiff's First Amended Complaint alleges that "Plaintiff has satisfied all conditions precedent required of it prior to bringing the instant suit." First Amended Complaint at ¶ 13. The First Amended Complaint further alleges that "Plaintiff has complied with all provisions of, and conditions precedent to, the group health insurance contract at issue that legally apply to it." *Id.* at ¶ 15. As stated earlier, such allegations are insufficient to satisfy the exhaustion of administrative remedies pleading requirement. *See Century Medical Health Plan, Inc.,* 57 F.3d 1040, 1042 (11th Cir.1995) (affirming district court's dismissal of complaint when plaintiff "neither pleaded nor recited *facts* showing that it had exhausted its administrative remedies under the plan.") (emphasis added). Therefore, Defendant's motion to dismiss must be granted on that basis.

Defendant also argues that the First Amended Complaint must be dismissed for insufficiency of service of process. *See* Motion at 6–7. Indeed, Defendant claims that Plaintiff, in the First Amended Complaint, substituted the current Defendant for Aetna Health Inc., a separate and distinct corporation having a different registered agent, and failed to comply with the requirements of Fed. R.Civ.P. 4(h). *See id.* In response, Plaintiff does not deny that it failed to comply with Fed.R.Civ.P. 4(h), but argues that Defendant waived the argument by filing the motion to dismiss. *See* Response at 3. Fed.R.Civ.P. 12(h)(1) provides that "[a] defense of . . . insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." In this case, Defendant preserved the defense of insufficiency of service of process by raising it in the motion to dismiss. Plaintiff having failed to properly effectuate service of process on Defendant, the motion to dismiss must be granted on that basis as well.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED. It is further

ORDERED AND ADJUDGED that this case is DISMISSED WITHOUT PREJUDICE. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir.2002).