[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11660
Non-Argument Calendar

_____

D. C. Docket No. 07-80714-CV-PCH

REGINALD HILL,

                                                          Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
KATHLEEN ARCHER,
MARILU MACHIN,
DEPARTMENT OF VETERANS AFFAIRS,
ADMINISTRATIVE OFFICE OF THE COURTS,
General Counsel,
CHALENE SZABO, Medical Center Director, Department
of Veteran Affairs,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 23, 2008)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Reginald Hill appeals the district court's dismissal of his claims against the United States, finding that they were barred by the statute of limitations. He also appeals an adverse summary judgment in favor of Kathleen Archer and Marilu Machin on Hill's claims against these defendants. We affirm.

A suit against the federal government is barred "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of the final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). However, statutes of limitation are generally subject to equitable tolling. Cook v. Deltona Corp., 753 F.2d 1552, 1562 (11th Cir. 1985). Here, the district court did not clearly err by finding that the final denial of claim letter was mailed on February 7, 2007 and that there was no basis for equitable tolling. Therefore, the district court did not err by dismissing Hill's claims against the United States as time-barred.

We also conclude that the district court did not err in finding that Hill's constitutional claims against Kathleen Archer and Marilu Machin were barred by the Civil Service Reform Act ("CSRA"). See Bush v. Lucas, 462 U.S. 367, 388-90, 103 S.Ct. 2404, 2416-17, 76 L.Ed.2d 648 (1983) (holding that the CSRA

precluded an action brought pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)); <u>Stephens v. Dep't of Health and Human Services</u>, 901 F.2d 1571, 1576-78 (11th Cir. 1990) (noting the CSRA is an adequate remedy and precludes all <u>Bivens</u> actions for personnel actions that allegedly violate the Constitution). Moreover, the district court did not err in granting Archer and Machin's motion for summary judgment on the basis of qualified immunity because there was no constitutional violation here.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error.

**AFFIRMED**