**Neil F. GARFIELD and Randy Nolte, Plaintiffs,**

v.

**SUNTRUST BANK, Defendant.**

**Nos. 06 60351 CIV LENARD, 06 60351 CIV TORRES.[1]**

United States District Court, S.D. Florida.

Nov. 28, 2006.

---

**1.** Pursuant to Administrative Order 2006–18 and beginning July 24, 2006, Magistrate Judge Edwin G. Torres has been temporarily paired with Judge Lenard for all new case assignments, all new referrals in existing cases, and all matters previously referred to Magistrate Judge Theodore Klein.

See, Also, 477 F. Supp.2d 1177, 2006 WL 4102209.

W. Jeffrey Barnes, W. J. Barnes, Boca Raton, FL, for Plaintiffs.

Carmen Alpizar Hellman, Leon Nicholas Patricios, Zumpano Patricios & Winker, Coral Gables, FL; David M. Pernini, Joseph D. Wargo, Julie C. Jared, Wargo & French LLP, Atlanta, GA, for Defendant.

## ORDER GRANTING DEFENDANT SUNTRUST BANK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (D.E.16) AND CLOSING CASE

LENARD, District Judge.

**THIS CAUSE** is before the Court on Defendant Suntrust Bank's Motion to Dis-miss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss," D.E. 16), filed on April 12, 2006. On June 16, 2006, Plaintiff filed a Response. (D.E.56.) On July 6, 2006, Defendant filed a Reply. (D.E.65.) Having thoroughly considered the Motion to Dismiss, Response, the Reply, and the record, the Court finds as follows:

### I. Complaint

Plaintiffs Neil F. Garfield and Randy Nolte filed their Complaint on or about February 22, 2006 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. (*See* D.E. 1, Ex. A.) Defendant filed a Notice of Removal on March 21, 2006, removing the case to this Court. (D.E.1.)

In the Complaint, Plaintiffs Garfield and Nolte, who allege that they were "members of a foreign limited liability company named Terminal Cash Solutions LLC ("TCS")" (*id.* ¶ 2), assert causes of action against Defendant Suntrust Bank ("Defendant" or "Suntrust") for negligence, breach of fiduciary duty, and constructive fraud. In essence, Plaintiffs allege that, on January 21, 2005, Defendant enabled non-party Allan Greenfield ("Greenfield"), who was once a member of TCS, to debit $240,000.00 from a TCS account at Sun-Trust and deposit those funds into another account on which Greenfield was the only signatory. (Compl.¶¶ 2, 25, 53.) Plaintiffs further allege that SunTrust allowed Greenfield to withdraw such funds despite the fact that Plaintiffs had provided Sun-Trust with a copy of the TCS Limited Liability Company Operating Agreement ("TCS Operating Agreement"), which "set forth that there were three members of the LLC and two managers ... Nolte and Greenfield" (*id.* ¶ 36), and despite the fact that Plaintiff Garfield had notified Sun-Trust earlier in the month that "instruc-

tions as to the TCS accounts" were to "*only* be accepted by SunTrust from Nolte" from that point on, as Greenfield was no longer a manager of TCS (*see id.* ¶¶ 51, 53). Further, Plaintiffs assert that Defendant "refused to reverse the wrongful $240,000.00 debit" and later "froze the 'new' account wrongfully opened by Greenfield," impairing TCS's ability to pay its merchants, vendors, and other creditors, and ultimately forcing TCS into bankruptcy proceedings. (*Id.* ¶¶ 64–67.)

With respect to the negligence count, Plaintiff Nolte alleges that Defendant has caused him personally to suffer damages such as "the loss of Nolte's one-third equity share," "direct losses of one-third of the management fees," "lost reputation and goodwill as a result of Nolte's being associated with TCS," "direct losses from pay which has not been made to Nolte," "payments for security, deposits, and the like in connection with emergency and temporary bank sponsorship," and "payments to counsel in connection with TCS' litigation and Bankruptcy proceedings." (*Id.* ¶ 83.) Plaintiff Garfield makes similar allegations. (*See id.* ¶ 84.)

With respect to Plaintiffs' fiduciary duty and constructive fraud claims, Plaintiffs first allege that Defendant "was in effect a trustee" of the funds "which ran through the TCS accounts" held at Suntrust Bank, and that Defendant "had actual knowledge" that "problems with the transmission of the subject funds" held in accounts at Suntrust Bank "would, in all likelihood, expose Plaintiffs Nolte and Garfield to significant personal liabilities and monetary damages." (*Id.* ¶¶ 86–87; *see also id.* ¶¶ 105–106.) Plaintiffs allege that Defendant thereby "owed certain specific fiduciary duties to Plaintiffs Nolte and Garfield," which included "not engaging in any conduct which would be to the detriment or damage of TCS, Nolte, or Garfield," such as "the misappropriation of the prop-

erty of TCS" or "engag[ing] in any conduct in violation of the TCS LLC Operating Agreement." (*Id.* ¶ 89; *see also id.* ¶ 108.) Plaintiffs further allege that Defendant breached these duties—as well as "abused its position of trust and confidence with Plaintiffs Nolte and Garfield"—by, *inter alia,* "permitting ... Greenfield to open accounts on which he had superior authority in excess of that of Nolte," permitting him "to debit $240,000.00 of third-party settlement funds," and by "refusing to release the freeze on the accounts after being notified in writing of the unlawful conduct" of Greenfield, which also "violated the LLC Operating Agreement." (*Id.* ¶ 90; *see also id.* ¶ 109.)

Under both the breach of fiduciary duty and fraud counts, Plaintiffs then separately allege the types of damages suffered as a result of Defendant's purported actions, which are of the same nature as those each Plaintiff alleged under the negligence count. (*See id.* ¶¶ 92–93; *compare id.* ¶¶ 83–84.)

As a result of these purported losses, Plaintiffs seek "compensatory damages, interest, [and] costs" and further seek "leave to amend this Complaint on Motion to add a claim for punitive damages" against Defendant. (*Id.* at 43.) More specifically, Plaintiffs allege in the Complaint that the "aggregate damages to Plaintiffs Nolte and Garfield as a direct and proximate result of the actions of Defendant Sun-Trust exceed One Hundred Fifty Million Dollars ($150,000,000.00) to date and are ongoing and continuing." (*Id.* ¶ 73.)

## II. The Motion to Dismiss

In the Motion, Defendant contends that the Complaint must be dismissed because Plaintiff has failed to state any claim upon which relief may be granted, as Plaintiffs lack standing to bring this action. (Motion to Dismiss at 1, 7–14.) Defendant argues

that although Plaintiffs allege that they are two individual members of TCS, the TCS Operating Agreement, which Plaintiffs provided to Defendant and which is attached to the Motion to Dismiss, describes the membership of TCS as follows:

This Limited Liability Company Operating Agreement ("Agreement") is effectively entered into as of the 20th day of November, 2002, by Neil F. Garfield as trustee for Garfield Limited Family Partnership, a Florida Limited Family Partnership to be formed and/or renewed and Neil F. Garfield, as trustee for revocable and irrevocable trusts to be formed, collectively referred to as "Garfield," Randy Nolte, as trustee for the Nolte Limited Family Partnership, a Florida Limited Family Partnership to be formed and Randy Nolte as trustee, for both revocable and irrevocable trusts to be formed, collectively referred to as "Randy Nolte", and L. Allan Greenfield, an individual having his primary residence in the State of Georgia (all of whom are collectively referred to herein as the "Initial Members," and who, together with any additional or substitute Members are referred to as the "Members").

(Motion to Dismiss, Ex. A at 5.) Relying on the terms of the TCS Operating Agreement, Defendant notes that "the true 'members' of TCS are the limited family partnerships formed by Garfield and Nolte," but that such partnerships are not even parties to this action. (*Id.*) Defendant then states that, as per the TCS Operating Agreement, Plaintiffs "are not even *individual* members of TCS." (Motion to Dismiss at 13.) Citing to, *inter alia,* the Florida Statutes, Defendant contends that Plaintiffs Garfield and Nolte therefore lack standing as individuals to bring suit against SunTrust. (*Id.*)[2]

In their Response, Plaintiffs argue that Defendant ignores the allegations in the Complaint that describe "*direct* losses to Plaintiffs Nolte and Garfield," and that, because such allegations are made, there are no grounds for dismissal for failure to state a claim. (Response at 8–9 (emphasis in original).) Plaintiffs further contend that the law cited in the Motion to Dismiss pertains to actions to enforce corporate rights, which Plaintiffs argue is "not only distinguishable, but is also inapplicable as against the *specific* allegations of the Complaint herein." (*Id.* at 9.) In support of this contention, Plaintiffs only offer the argument that the Complaint details "specific communications between the Plaintiffs and the Defendant." (*Id.*)

In its Reply, Defendant argues that Plaintiffs' Response reveals the following "*undisputed*" facts: that TCS is an LLC; that Plaintiffs are the respective trustees of two limited-family partnerships, and that those partnerships—not Plaintiffs—are members of the LLC; that the LLC—not Plaintiffs—opened various accounts with SunTrust; that Plaintiffs do not individually bank with SunTrust; and that all of Plaintiffs' claims arise from the alleged actions taken by SunTrust with regard to the LLC's accounts. (Reply at 3.) De-

---

**2.** In the alternative, Defendant argues that even if Plaintiffs have standing to pursue TCS's claims against SunTrust, Plaintiffs have failed to allege facts which would give rise to a fiduciary relationship between Plaintiffs individually and Suntrust. (*Id.* at 14–19.) As a result, Defendant contends that Plaintiffs cannot establish a claim for breach of fiduciary duty or constructive fraud, which requires the abuse of a confidential or fiduciary relationship. (*Id.* at 18–19; *see also* Reply at 6–9.) Plaintiffs, in turn, argue that a fiduciary relationship existed between the Plaintiffs individually and Defendant due to the "special nature" of the TCS accounts, and that, as a result, they have claims for both breach of fiduciary duty and constructive fraud. (*Id.* at 9–15.)

fendant thus contends that, at best, Plaintiffs are "twice-removed from any relationship with SunTrust." (*Id.*) Defendant further contends that Plaintiffs' alleged "direct losses and damages as a result of Defendant's conduct do not establish that SunTrust had any duties to Plaintiffs individually." (*Id.* at 4–5.) Accordingly, Defendant reiterates its argument that Plaintiffs individually lack standing to sue SunTrust. (*Id.* at 5–6.)

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b), a defendant may move for dismissal of a claim based on one or more of seven specific defenses, including failure to state a claim upon which relief can be granted. The Eleventh Circuit clearly articulated the standard of review for a Rule 12(b) motion in *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.), *cert. denied*, 525 U.S. 1000, 119 S.Ct. 509, 142 L.Ed.2d 422 (1998):

> "The standard of review for a motion to dismiss is the same for the appellate court as it is for the trial court." *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). A motion to dismiss is only granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

"On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true." *Stephens*, 901 F.2d at 1573. Although "[a] court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss," where certain documents are referred to in the complaint and "those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dis-

missal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n. 7 (11th Cir.2006) (citing *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997)).

### B. Analysis

█ As a threshold matter, the Court finds that it may consider the TCS Operating Agreement on the Motion to Dismiss. The TCS Operating Agreement is referred to throughout the Complaint; moreover, it was given to SunTrus: "[i]n connection with the opening of the subject accounts," and, by virtue of SunTrust having the TCS Operating Agreement, Plaintiffs argue that SunTrust was on "actual notice and had an obligation ... to insure that the authority on the various TCS accounts comported with the terms and conditions of the [TCS Operating] Agreement." (*See, e.g.*, Complaint ¶¶ 36–38.) As such, the TCS Operating Agreement is clearly central to Plaintiffs' claims, allowing the Court to consider it in deciding the Motion to Dismiss. *See Bickley*, 461 F.3d at 1329 n. 7.

█ In the Complaint, Plaintiffs do not specifically state that they were individually members of TCS, although Plaintiffs do allege that "Garfield and Nolte were members of TCS." (Complaint ¶ 2.) Nonetheless, the Operating Agreement makes clear that Plaintiffs Garfield and Nolte were not individual members of TCS; rather, the Operating Agreement provides that Plaintiffs Garfield and Nolte, as "trastee[s]" for separate partnerships and trusts, were members of the limited liability company, and that the only individual member of TCS was Greenfield, who is not a party to this action. (Motion to Dismiss, Ex. A at 5.)

Section 608.601 of the Florida Statutes, which governs Limited Liability Companies and "Member's derivative actions," provides in part that:

> (1) A person may not commence a proceeding in the right of a domestic or foreign limited liability company *unless the person was a member of the limited liability company when the transaction complained of occurred* or unless the person became a member through transfer by operation of law from one who was a member at that time.

Fla. Stat. Ann. § 608.601(1) (emphasis added). Here, as discussed above, the pleadings before the Court reveal that neither Plaintiff Garfield nor Plaintiff Nolte were individual members of TCS at the time SunTrust allegedly permitted Greenfield to misappropriate TCS funds, nor is there any basis for the Court to conclude that either Plaintiff became individual members of TCS by operation of law at that time. Accordingly, Plaintiffs, as individuals, lack standing to bring the claims asserted in the Complaint against Defendant SunTrust on behalf of TCS.[3]

Further, the Court agrees with Defendant that Plaintiffs' allegations of direct losses and damages to Nolte and Garfield as a result of Defendant's purported conduct do not establish that SunTrust had any duties to Plaintiffs individually, or that SunTrust is otherwise liable to Plaintiffs individually. Although Plaintiffs appear to contend that SunTrust is liable to them as individuals because "specific communications between the Plaintiffs and the Defendant" occurred (*see* Response at 9), they offer no legal support for this contention, and the Court is not aware of any authority that would allow Plaintiffs, as individuals, to hold SunTrust liable for damages to either Garfield or Nolte under these circumstances. Moreover, the "specific communications" alleged by Plaintiffs, like the claims set forth in the Complaint, occurred solely by virtue of the TSC accounts that were held at SunTrust, and because of the actions allegedly taken by SunTrust with respect to those accounts.

As a result, Plaintiffs lack standing as individuals to bring the claims against SunTrust as set forth in the Complaint, and thus, the Court agrees that the Complaint must be dismissed. Accordingly, it is:

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss For Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) (D.E.16), filed on April 12, 2006, is **GRANTED.**

2. Plaintiffs' Complaint (D.E. 1, at Attachment A) is **DISMISSED WITH PREJUDICE.**

3. This case is **CLOSED,** and all other pending motions, including but not limited to Defendant's Motion for Summary Judgment (D.E.11) and Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (D.E.9), are **DENIED as moot.**

---

**3.** Although the Complaint alleges that TCS "did business in the State of Florida, and had its principal place of business in Cooper City, Broward County, Florida" (Complaint ¶ 2), the TCS Operating Agreement shows that TCS is a Nevada LLC (*see* TCS Operating Agreement at 5). Even if Nevada law were to apply in this case, however, the result would be the same: Plaintiffs lack standing to bring the claims asserted in the Complaint. *See* Nev. Rev.Stat. Ann. § 86.485 (2005) (providing that in an LLC derivative action, "the plaintiff must be a member [of the LLC] at the time of the transaction of which he complains").